been found in a box in the office; whereupon witness requested that the case be docketed. The delay in doing so was not by his consent or any fault of his, but was purely the neglect of the clerk. When he found that the appeal was not entered to the first term after it was taken, he inquired of the justice of the peace about the papers, who stated that he had delivered them to the clerk soon after the appeal was entered.

The special assignment of error is, that the injunction should have been granted because the clerk had no power to file and docket the case as if brought to the April term, 1892, without direction from the court and notice to all the parties; and that the appeal not having been regularly filed and docketed, the court had no jurisdiction of the case, and hence the judgment was void.

BLOUNT & GRACE, by brief, for plaintiff in error.

No appearance *contra*.

---

WHALEY *v.* THE MAYOR AND COUNCIL OF COLUMBUS.

A declaration against a municipal government for revoking the license of a retailer of spirituous liquors and thereby forcing him to withdraw from business and sell out his stock at great loss and damage, the revoking being done illegally, unlawfully and wrongfully, without specifying how it was done or pointing out in what respect the act was illegal or unlawful, or averring that the municipality had no legal power or authority to revoke such license, sets forth no cause of action.          *Judgment affirmed.*
    August 1, 1892.

Municipal corporation.   Liquor license.   Before Judge MARTIN.   Muscogee superior court.   November term, 1891.

The action of Whaley against the Mayor & Council of the City of Columbus was dismissed on demurrer, which ruling is excepted to. The declaration alleges that on the first of January, 1890, the plaintiff obtained

from the mayor and council, in consideration of $250, a license to sell spirituous liquors at retail in that city until the first of July, 1890; that he gave bond and security, according to the city ordinances, for his faithful compliance with the laws of the State and the ordinances of the city council in relation to retailers of spirituous liquors; that at great expense he complied in full with all State and Federal law, and with each ordinance of the city, for the purpose of retailing spirituous liquor; that he continued to sell at retail until the 22d of April, 1890, when he was arrested by the police of said city and his license to retail was illegally, unlawfully and wrongfully revoked by the defendant; permission being given him to sell his stock of liquors until the 10th of May, 1890; and that he was forced to sell and dispose of his stock at great loss and was damaged in several particulars which are set out.

INGRAM & McLESTER and THORNTON & McMICHAEL, for plaintiff in error.

J. H. WORRILL and T. Y. CRAWFORD, *contra.*

---

KENDRICK *v.* THE CENTRAL RAILROAD & BANKING CO.

1. The action being for the homicide of an employee of the company, and the evidence not showing affirmatively whether the employee was free from negligence or not, and no negligence on the part of the company adequate to have caused the homicide under the circumstances being shown, the most reasonable and probable cause of the disaster being an accident to the employee by which his life became suddenly exposed to a danger incident to his employment, there was no error in granting a nonsuit.
2. Whether the employee was an experienced or inexperienced person was immaterial under the facts in evidence.
3. A question to a witness in this form, "If the engineer had paid any attention to the signals that were given, and stopped the train, would this man have been killed?" was objectionable as calling for his opinion, when the facts on which his opinion was based were the proper objects of inquiry, the conclusion from such facts being a question for the jury and not for the witness.

August 1, 1892.                          *Judgment affirmed.*