94   617
103  778

CARSON *v.* THE MAYOR AND COUNCIL OF FORSYTH.

1. The title of the act of March 5th, 1875 (Acts 1875, p. 165), touch-
   ing the city of Forsyth, is sufficiently comprehensive to embrace
   all the provisions of the act in relation to the imposition and col-
   lection of taxes; and the act relates to one subject-matter only,
   to wit, the municipal government of the city.
2. The amendatory act of 1879 (Acts 1878–9, p. 269) is not unconsti-
   tutional for any reason specified in the assignments of error.
3. The imposition of an *ad valorem* tax upon property, either under
   the constitution of 1868 or that of 1877, would not hinder the im-
   position of a specific tax on business as such, though the property
   taxed be used in the conduct of such business.
4. An act authorizing the municipal authorities of a city "to make
   such assessments and levy such taxes on the inhabitants of said
   city who transact or offer to transact business therein, and on such
   persons as live without the limits of said city, but who transact
   or attempt to transact business within the limits of the same,
   as said mayor and aldermen may deem expedient for the safety,
   benefit, convenience and advantage of said city," is sufficiently
   comprehensive to authorize the imposition of a special tax on all
   business occupations carried on in the city; and one class of such
   occupations may be taxed without taxing other classes.
5. The local act of 1875 authorizes the issuing of executions for un-
   paid taxes, whether *ad valorem* or specific, due the city of Forsyth,
   and the collection of the same by levy and sale; and the amend-
   ing act of 1879 expressly provides that the taxes on occupations
   thereby authorized may be collected in the manner and by the

means pointed out in the act of 1875. Where the same person in that city carries on two separate and distinct occupations liable to taxation in different amounts, an execution may issue for a gross sum including the amounts of all special taxes for which such person is liable and in default.

6. It cannot be ruled as a matter of law that carrying on both a livery stable business and a sale stable business is not two occupations but one only.

7. The execution not being attacked in the pleadings for failure to specify on its face the particular occupations on which the tax was imposed, this question is not one for adjudication.

June 30, 1894.                                    *Judgment affirmed.*

Petition for injunction. Before Judge HUNT. Monroe county. March 2, 1894.

An execution issued by the city authorities of Forsyth against Carson for $35 "special tax for the year 1893," was levied; and Carson filed his petition for injunction, asking that he be held not liable for such tax, and that the same be held illegal. The injunction was denied. The assignments of error are, in brief, that the act of 1875, creating the city charter, is unconstitutional in that the body contains matter variant from the title, and refers to more than one subject-matter; that the amendatory act of 1879, under which authority is claimed to collect the special tax, is in conflict with the constitution of 1868, which limits the power of taxation of property to an *ad valorem* tax, and does not authorize the collection of a special or license tax; that no authority is granted in the city charter to collect a "special business or license tax on the business of sale stable keeper"; that neither the charter nor the city ordinance provides for the collection of special tax by levy and sale, but provides for fine and imprisonment for violation thereof; that the ordinance provides that each sale stable keeper shall pay a license of $20, each feed and sale stable keeper shall pay a license of $25, and each livery stable keeper shall pay a license of $15, and the execution is proceeding for $35 special tax,

when in fact plaintiff was engaged only in the livery stable busines, and if he had made sales, by a universal custom of the city this right was included in his business as a livery stable keeper; and that the execution does not show for what business the special tax is sought to be collected, and the ordinance does not provide for the collection of a special tax of $35 for either the livery or the sale stable business, but provides for the payment of a license and not a special tax on business.

STONE & CLARK and J. P. CARSON, for plaintiff.
BERNER & BLOODWORTH, for defendant.