THE MACON SASH, DOOR AND LUMBER COMPANY *v.* THE MAYOR AND COUNCIL OF THE CITY OF MACON.

1. Where the license ordinances of a town or city for a given year require the issue of a license for, and impose a license tax upon, the conduct of a particular business, and also impose a specific license tax upon the use by such a licensee of a particular agency necessary to be employed in the conduct of that business, a person licensed to conduct such business takes his license subject to all the provisions of the license ordinances of that year, and if in such general business he employ an agency which is itself subject to a specific license tax, he becomes liable for such tax.

2. Where the ordinances of a city impose a license tax upon the business of builders or contractors, and upon the business of dealers in builders' supplies, and likewise impose a license tax upon each and every wagon used for the delivery of articles sold in any business in said city, a licensed builder or contractor, or a licensed dealer in builders' supplies, when prosecuted in the recorder's court for a violation of the ordinances prohibiting the use, without license, of wagons for the delivery of any such article, cannot justify under his general license by showing that he used the wagon for the delivery of such articles only as he sold in his business, and that the use thereof was a customary, usual and necessary incident to the conduct of his licensed business, and essential to the enjoyment of his general license. His general license is

qualified by the ordinances imposing a coexisting specific license tax upon the use of the wagon.

March 11, 1895.    Argued at the last term.

*Certiorari.*  Before Judge HARDEMAN.  Bibb superior court.  April term, 1894.

The plaintiff in error was convicted, in the recorder's court of Macon, of violating the license ordinances of that city; which judgment was sustained on *certiorari.*

A city ordinance in evidence provides for the levy and collection of a license-tax of $50 a year upon each two-horse wagon " used by butchers, bakers, brewers, beer dealers, manufacturers of soda-water, etc., undertaker, or used for delivery of oil or any other articles or package, or for delivering goods sold by grocers or other merchants."  It further provides, that this shall not be construed " as applying to such vehicles as are used by private individuals for private use only, and not hauling or delivering for others " ; and that " every wagon hauling brick, cut wood or coal, or any manufactured article, into the city for the purpose of selling the same, or shipping by any of the railroads, shall be subject to these licenses."  Another ordinance imposes a license-tax of $15 a year upon each lumber-yard or dealer in lumber. Another imposes a license-tax of $10 a year upon each contractor or builder.  And another imposes a license-tax of $50 a year upon " builders' supplies, including paints, sash, doors, blinds, material, grates, etc."  The plaintiff in error is a corporation engaged in the business of selling builders' supplies, and in the business of contracting, in the city.  It uses four two-horse delivery wagons, and has taken out license for none of them.  Its secretary and treasurer testified, that it pays the license-tax on each of the two businesses mentioned, and also pays city taxes on the property used therein and on all its goods in the city; that it cannot exercise the rights it has under the two licenses

taken out, without delivering goods; that it is a part of the business of dealing in builders' supplies, and incident thereto, to deliver goods by wagons in the city; that it was and is the universal practice for parties engaged in the same business in the city, to deliver as it has done in this case; that nine times out of ten lumber is bought and sold delivered; and that it uses the wagons to deliver any material that may be sold, does not haul for other people and has no wagons that do so, and gets no extra pay for delivering these goods.

DESSAU & HODGES, for plaintiff in error.
MINTER WIMBERLY, *contra*.

ATKINSON, Justice.

The facts are sufficiently stated in the official report.

It will be observed that at the time the plaintiff in error obtained its several licenses as a dealer in builders' supplies, etc., as a contractor or builder and as a dealer in lumber, under and by virtue of which it seeks to exempt the agencies employed by it in the conduct of that business from further taxation, there was then of force in the city of Macon an ordinance imposing a specific license-tax of fifty dollars per annum upon each two-horse wagon used,—among various other specified purposes,—for the delivery of oil, or any other article or articles, packages, or for the delivery of goods sold by grocers or other merchants. It exempted from this specific tax such vehicles as were used by private individuals for private use only, not hauling or delivering for others, and was laid upon every wagon hauling brick, cut wood or coal, or any manufactured article for the purpose of selling the same or shipping by any of the railroads. So it will be observed that each of the several wagons, for the running of which, without license, the plaintiff in error was tried in the recorder's court, was, according to the testimony in the case, engaged in the

very business for which a license-tax was exacted. In the construction of ordinances and statutes, we are not authorized to take each enactment as a separate expression of the legislative will; but, on the contrary, where such a construction can be placed upon statutes as to make them harmonize the one with the other so that all may stand, the court should so construe them. This rule is well stated in Endlich on the Interpretation of Statutes, section 43, in the following language: "Where there are earlier acts relating to the same subject, the survey must extend to them; for all are, for the purposes of construction, considered as forming one homogeneous and consistent body of law, and each of them may explain and elucidate every other part of the common system to which it belongs. (Thus, not only may the entire body of the law upon a subject be given the effect of an harmonious whole, by restraining, enlarging or qualifying conflicting words in any particular portion of it, by reference to other portions, so as to effectuate the obvious intention of the law, but where there are irreconcilably conflicting clauses in the same statute, a comparison with other statutes upon the same subject may point out those clauses which are in harmony with such legislation as designed to prevail.)" In view then of these coexisting ordinances, it must be taken that at the time the plaintiff in error obtained the general licenses under which it claims immunity from prosecution in this case, it took the same subject to existing ordinances bearing upon the same subject and regulating the same business, and therefore, if in the conduct of such general business it employed an agency the use of which was itself subject to a specific tax, its general license must be taken as modified by these coexisting ordinances imposing the specific tax. Had the general tax been first levied and the license to conduct the general business first issued, such license would have authorized the

employment of such agencies as the licensee saw proper in the conduct of its business to employ, and thereafter, pending the continuance of such license, the city authorities would not have had the power to impose a specific license upon the use of the agencies thus employed by the licensee. But modified as the general license was by the ordinances providing for a coexisting specific license, we do not think such general license afforded to the plaintiff in error any protection against the prosecution for the employment, without license, of wagons in the conduct of its business, though they were used in delivering goods sold to its customers alone.

Let the judgment of the court below be  *Affirmed.*