### DAUS v. MAYOR AND COUNCIL OF MACON.

1. Where the charter of a municipal corporation confers upon the authorities of the city the power "to levy and collect a license-tax . . upon all persons exercising any profession, trade or calling in said city, when not prohibited from so doing by the constitution and laws of this State; to compel the payment of the same; to make all suitable laws and regulations necessary and proper to carry out the powers herein conferred, and to prescribe suitable penalties for the violation thereof," the authorities of such city are authorized to pass ordinances imposing a business tax upon persons engaged in the sale of beer by wholesale, and to enforce the same by prosecution in the recorder's court of such city.
2. The foregoing is true notwithstanding the fact that the whole matter of license to sell liquors by retail is fully dealt with in another provision of the charter.

Argued February 9, — Decided March 25, 1898.

Petition for certiorari. Before Judge Felton. Bibb county. May 24, 1897.

Daus presented his petition for certiorari, from which the following appeared: He was convicted and a sentence imposed upon him in the recorder's court of the City of Macon, May 14, 1897, for an alleged violation of city ordinances, the charge which he was cited to answer being stated in the summons as "selling beer by the wholesale and in wholesale quantities without the payment of the proper license for said purpose, as required by the license ordinances of the Mayor and Council of the City of Macon." The case was tried by the recorder upon an agreed statement of facts, from which it appeared that Daus

had been doing business in the city continuously since January 1, 1897, as a dealer in general merchandise, in liquors, spirituous, vinous, and beer, selling in quantities from a quart to four and a half gallons, not less than one quart and not more than four and a half gallons, put up by defendant in original packages, and sold not to be drunk on the premises, and which were not drunk on the premises; and that he had, on January 1, 1897, procured from the proper officer of the city a license, for which he paid $150, and which stated that the holder was entitled, until January 1, 1898, "to carry on the business of quart to four and a half gallons liquors," at a designated place in the city, being the place at which Daus conducted his business.   No other license for the year 1897 was issued to him. The following were ordinances of the city for that year :   (1) "Quart, not less than.   Each dealer in general merchandise, or other person, who sells spirituous and vinous liquors, not including beer, in quantities of one quart and not more than $4\frac{1}{2}$ gallons, the same not to be drunk on the premises, not to include any other line of business, shall pay, in addition to any other license, and no license shall be issued for less than, $150. (2) "Dealers under this section selling beer shall pay $50 additional."   (3) "Merchandise, wholesale, not including such lines of goods for which specific license is herein mentioned, $100."

 .  The contentions of the defendant were : (a) The Mayor and Council of the City of Macon have no authority, by virtue of the charter of the city, or otherwise, to tax any person dealing in wholesale beer, nor to require a license from any person for selling beer by the wholesale.   Its authority is limited by its charter and the laws of the State to the taxing and licensing of persons selling by retail.   (b) Its power to tax and exact a license from dealers in spirituous, vinous, and malt liquors, being an exercise of the police power of the State of Georgia, delegated by the General Assembly, said power extends no further than the licensing or taxing of retailers, and can not legally extend to persons selling beer in wholesale quantities, not to be drunk on the premises, and in original packages.   Such a tax or license would be ultra vires of the city, in restraint of trade,

and in violation of defendant's rights, privileges and immunities under the State and the Federal constitutions, and particularly violative of his rights under the bill of rights of the State constitution and the amendments to the Federal constitution, and particularly the fourteenth amendment. (*c*) If the city has such power to tax defendant and require a license of him as a wholesale dealer in spirituous, vinous, or malt liquors, he has the right to sell any sort of intoxicating liquors, and has the right to sell beer in wholesale quantities under said license granted him, and the city has no power or authority to require a separate and distinct and additional license for wholesaling beer after having exacted of him a license as aforesaid for selling liquors. Its taxing and licensing authority can not be legally separated and divided, as it thus seeks to do. The attempt is ultra vires, and violates its contract with him. Under a license to sell "liquors" he has the right to sell beer. (*d*) Defendant is a wholesale merchandiser, and since the license required of other wholesale merchandisers is $100 under the ordinance above set forth numbered 3, the city has no right or power to exact of defendant any greater license-fee for doing business than is required of other wholesale merchandisers in said city. Defendant has already paid a license-fee of more than $100, as aforesaid, for doing business, and the exaction of any further and greater license of him than is required of others is illegal, and is a denial of defendant's rights under the Georgia constitution and also under the Federal constitution, and particularly under the fourteenth amendment thereto; and is especially a denial to him of the equal protection of the laws, in violation of his constitutional rights under said amendment as a citizen of the United States.

Sanction of the petition was refused, and petitioner excepted.

*Marion W. Harris*, for plaintiff in error.
*Minter Wimberly*, contra.

SIMMONS, C. J.    Daus was tried and convicted before the recorder of the City of Macon for the violation of an ordinance of that city. He sued out a writ of certiorari to the superior court. At the hearing, the judge overruled the certiorari and affirmed

the decision of the recorder. The assignments of error made in the petition for certiorari will be found in the official report.

1. The charter of the City of Macon gives the mayor and council the sole and exclusive right to grant licenses to retail liquors in that city, to fix the rates of such licenses and the terms upon which they shall be issued. It also gives them the authority "to' levy and collect a license-tax . . upon all persons exercising any profession, trade or calling in said city, when not prohibited from so doing by the constitution and laws of this State; to compel the payment of the same; to make all suitable laws and regulations necessary and proper to carry out the powers herein conferred, and to prescribe suitable penalties for the violation thereof." In pursuance of the power thus conferred, the mayor and council passed ordinances requiring each person who sold spirituous or vinous liquors, not including beer, in quantities of one quart and not more than $4\frac{1}{2}$ gallons, not to include any other line of business, to pay, in addition to any other license, $150.00; and requiring dealers under this section dealing in beer to pay $50 additional. Daus took out a license for selling spirituous and vinous liquors under the above ordinance, but refused to take out a license for selling beer. He sold beer in quantities of one quart to $4\frac{1}{2}$ gallons, and claimed that he was authorized to do so by the license already taken out, and that he was, therefore, not guilty of violating the ordinance against the sale of beer. He further claimed that the mayor and council were not authorized by the charter of the city to require a license from him for the sale of beer in packages of from one quart to $4\frac{1}{2}$ gallons, which packages he had himself put up and which he sold not to be drunk on the premises. The license issued to him by the municipal authorities allowed him to "carry on the business of quart to four and a half gallons liquors." He claims that "liquors" includes beer as well as spirituous and vinous liquors. It will be observed that the ordinance under which he received this license, allowing him to sell spirituous and vinous liquors, expressly excepts beer and requires an additional license for the sale of that article. When, therefore, he procured his license, he did so with the knowledge that the law of the city excepted there-

from the right to sell beer. Although his license was broader in its terms than the ordinance, he can not shield himself under it from the penalty imposed for selling beer without a license. In the case of *Macon Sash, Door & Lumber Co.* v. *Mayor etc. of Macon*, 96 *Ga.* 23, the corporation took out a license to carry on the business of making and selling doors, sashes, etc. Its officers were prosecuted and convicted in the recorder's court for using wagons and drays without a license which was required by an ordinance other than that under which their business license was issued. They contended, as does Daus here, that their license to carry on their business embraced all the usual and necessary agencies for carrying it on, and that wagons and drays were necessary to the carrying on of the business of the corporation. This court affirmed the conviction, holding, in substance, that the general license to carry on the business was qualified by the ordinance imposing a coexisting license-tax upon the use of wagons and drays. In the case of *Carson* v. *Mayor etc. of Forsyth*, 94 *Ga.* 617, it appears that Carson had a livery-stable and a sale-stable in the same building; the ordinance of the city of Forsyth required him to take out licenses for both businesses; executions were issued against him to the amount of the license-tax, and he resisted on the ground that the city was taxing him twice for the same business; and this court held that "It can not be ruled as a matter of law that carrying on both a livery-stable business and a sale-stable business is not two occupations but one only." These cases, we think, dispose of the first point. See also *Keely* v. *City of Atlanta*, 69 *Ga.* 583.

We think the second objection is also without merit. The charter of the City of Macon expressly authorizes the mayor and council, as will be seen by reference to the provisions recited in the first headnote, "to levy and collect a license-tax . . upon all persons exercising any profession, trade or calling in said city" and to make suitable laws and regulations for carrying out this power. Under this clause of the charter, the municipal authorities had power to prescribe a license-tax for carrying on the business of selling beer, although the same man may have already taken out a license to sell spirituous

and vinous liquors, and although both businesses may have been carried on in the same establishment. The power exercised by the mayor and council in this case was the power to levy and collect a business or occupation tax, — a power which is possessed and enforced, so far as we know, by all the cities of the State. Whether it is wise or unwise, we can not decide; that question is left by the legislature to the mayor and council of the city. The law is thus written, and we see no legal reason why it should not be enforced.

2. It was contended that the clause of the charter which gave the mayor and council power to levy and collect a license-tax upon a business or occupation can not include the business of selling beer and liquors, because the power of the municipal authorities over the sale and control of liquors was exhaustively dealt with in another section of the charter; that powers in regard to matters which are expressly and specifically dealt with in one section can not be enlarged by a general provision in another. This argument is possibly sound if the premise on which it is based is true, but this we think is not so. The only section of the charter of the City of Macon which relates expressly to liquors is sec. LXXXIII (Acts of 1893, p. 264). This gives the "sole and exclusive right of granting licenses to retail liquors in said city, and of fixing the rates of such licenses and the terms upon which they shall be issued," and also gives the right to license all "barrooms." It does not, therefore, deal with the question of selling liquors other than by retail or in barrooms. While it may deal fully with the retail sale of liquors, it certainly does not exhaustively treat the whole subject of selling liquors. The power to tax the sale of beer in wholesale quantities is not conferred by this section, and it can not bring this matter from under the general provisions of another section whose terms include it.

*Judgment affirmed. All the Justices concurring.*