VALENTINE BALLING, PROSECUTOR, v. BOARD OF EXCISE OF THE CITY OF ELIZABETH ET AL.

Submitted July 2, 1909—Decided November 8, 1909.

The excise board of Elizabeth received two complaints involving the same subject-matter against the licensee of an inn and tavern, and, without fixing a day for the hearing, disposed of the second complaint without notice to the licensee and revoked his license; the effect of which was that he became disqualified to accept a license for a year. *Held*, that without notice and an opportunity to be heard given to the licensee, the action of the excise board was illegal.

---

On *certiorari* reviewing resolution of excise board of Elizabeth.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the prosecutor, *Charles Wagner*.

For the defendants, *James C. Connolly.*

The opinion of the court was delivered by

MINTURN, J. The board of excise of the city of Elizabeth issued a license to keep an inn and tavern at No. 563 Livingston street in that city, to the prosecutor, to run for one year from February 5th, 1908.

. Complaint was made to the board against the prosecutor, charging that he had failed to remove the screens from the window of his tavern on Sunday, April 5th, 1908, in violation of the provisions of the resolution of the excise board, passed in conformity with the provisions of the so-called "Bishops' law." *Pamph. L.* 1906, *p.* 199.

The hearing upon this complaint was adjourned from time to time, and was finally set down for trial on October 1st, 1908. Upon that day a meeting of the board was held, but no action was taken upon the complaint, and no disposition whatever was made of it.

The same complainants, on August 21st, 1908, filed another complaint with the board, against this prosecutor, alleging the same violations of the Excise law that were contained in the previous complaint, the trial upon which was then pending and undetermined.

A notice was served upon the prosecutor to appear before the board on September 17th, 1908, and answer the charges; but, although the board met upon that day, no action was taken upon this complaint, and no attempt was made to act upon it by postponement, or otherwise.

While the hearings upon these complaints were thus suspended *in nubibus,* the board, without notice, proceeded with the trial of the prosecutor, upon the charges alleged in the second complaint, and, in his absence, he was tried and found guilty, and on January 14th, 1909, a judgment was entered revoking his license.

· The legal effect of the judgment was to disqualify the prosecutor for one year from obtaining a license as an inn and tavern keeper in this state. *Pamph. L.* 1906, *p.* 199, § 3.

While it was clearly within the power of the board of excise to revoke the license for the causes specified in the act of 1906, upon proof of the violation of the provisions of the act, yet such revocation is a judicial act in its nature and consequences, and therefore can be exercised only upon notice to the party whose rights are affected. *Lambert* v. *Rahway*, 29 *Vroom* 578.

And while it has been determined by this court that a license to keep an inn and tavern is not a contract, but a mere privilege to do business (*Meehan* v. *Excise Commissioners*, 44 *Vroom* 382; *Voight* v. *Board of Excise*, 30 *Id.* 358), still, as a mere privilege to do business, the license must be assumed to have had some value at the time of its revocation. But yet more important to this prosecutor, and more significant from a legal point of view, is the fact that the prosecutor by this action was in effect penalized, and required to suffer an enforced ostracism from his chosen licensed occupation for one year. *Pamph. L.* 1906, *p.* 199, § 3.

The right to choose his occupation, "free from hindrance or obstruction of his fellow-men, saving such as may result from the exercise of equal or superior rights on their part," is guaranteed by article I., *placitum* 1, of the constitution. *Brennan* v. *United Hatters*, 44 *Vroom* 729.

The effect of this judgment of the excise board was to deprive the prosecutor without a hearing of that constitutional right for one year, and the resolution removed by this writ should therefore be set aside.