### CASSIDY *v.* MAYOR AND COUNCIL OF MACON.

FISH, C. J. **1.** The general welfare clause of the charter of the City of Macon provides, "That the Mayor and the Aldermen shall constitute the legislative department of the city government, and as such shall be vested with full power and authority from time to time to make and

establish such rules and ordinances as they shall deem proper and requisite for the security, welfare, health, and convenience of the city, and for preserving the peace, order, and good government of the same." Section 84 of the charter (Acts 1893, p. 264) confers upon the municipal government authority "to levy and collect a license tax . . upon all persons exercising any profession, trade, or calling in said city, when not prohibited from so doing by the constitution and laws of this State; to compel the payment of the same; to make all suitable laws and regulations necessary and proper to carry out the powers herein conferred, and to prescribe suitable penalties for the violation thereof." Under such charter provisions, the city has the power to require a license for the selling, by retail, of beverages, drinks or liquors, "in imitation of, or intended as a substitute for, beer, ale, wines, whiskey, or other alcoholic, spirituous, or malt liquor," commonly known as "near beer;" and also the power to require a license for the selling of "soft drinks," such as soda water, coca cola, ginger ale, etc. See *Macon Sash etc. Co.* v. *Macon*, 96 *Ga.* 23 (23 S. E. 120) ; . *Daus* v. *Macon*, 103 *Ga.* 774 (30 S. E. 670).

2. By reason of the temptations to which persons engaged in the retailing of "near beer" or "soft drinks" may be subjected to violate the statute prohibiting the sale of intoxicating liquors, and the peculiar facilities which such a business affords to unscrupulous persons engaged therein to violate, with probable impunity, such statute, with injurious consequences to the peace, good order, and security of the community, the City of Macon has the power, under the heretofore-quoted provisions of its charter, to require the procurement of a license from the municipality before such a business is engaged in, and to provide that the conviction of the holder of ' such a license of a violation of the municipal ordinance prohibiting the having or keeping of intoxicating liquors in the city for the purpose of illegal sale shall work an immediate cancellation, revocation, and forfeiture of such a license. See *Carr* v. *Augusta*, 124 *Ga.* 116 (52 S. E. 300); *Campbell* v. *Thomasville*, 6 *Ga. App.* 212 (64 S. E. 815), and cases cited.

3. The granting of such a license is not a contract, but only a privilege on the terms stated for a specified time, unless it be sooner abrogated, and by its revocation the licensee is not deprived of his property without due process of law. *Brown* v. *State*, 82 *Ga.* 224 (7 S. E. 915); *Sprayberry* v. *Atlanta*, 87 *Ga.* 120 (13 S. E. 197); *Carr* v. *Augusta*, supra.

*Judgment affirmed. All the Justices concur, except Lumpkin and Atkinson, JJ., dissenting.*

Argued May 3,—Decided December 24, 1909.

Petition for injunction.    Before Judge Felton.    Bibb superior court.    March 12, 1909.

*C. A. Glawson, John P. Ross,* and *W. D. McNeil,* for plaintiff. *Charles H. Hall Jr.,* for defendant.