NOTE—See 36 Cyc. 887, 903.

---

## STATE v. LOUCKS

(No. 1211, January 22nd, 1924; 222 Pac. 37.)

MANDAMUS—INSURANCE—AGENTS' LICENSE—CANCELLATION OF LI-
CENSE—PARTIES—INSURANCE COMMISSIONER.

1. As Comp. St. 1920, § 5277, is the only statute under which a license to an insurance agent is required or authorized and which provides that certificates thereunder shall terminate on December 31st of each year, in mandamus by an agent questioning right of state insurance commissioner to concel his license it will be presumed that it was issued under such section and not under Laws 1921, c. 142, § 3, although purporting to grant authority to do business until March 31.

2. Conceding that the insurance commissioner had no authority under Comp. St. 1920, § 5277, to issue a license to an insurance agent for a term to expire later than December 31st following date of issue, the fact that it purports to expire at a later date would not render it void, but it would be valid at least for the period for which it should have been issued.

3. In mandamus questioning right of state insurance commissioner to cancel a life insurance agent's license notwithstanding Comp. St. 1920, § 5277, providing that licenses required shall be considered the licenses of the company, agent's rights to do business for the company being dependent on the license, he has interest in keeping it alive and is proper party in interest.

4. A license issued by the insurance commissioner to a life insurance agent under Comp. St. 1920, § 5277, though it may not be property, cannot be arbitrarily taken from him any more than his real or personal property.

5. While Laws 1921, c. 142, § 6, providing that nothing in the act shall prevent persons affected by order of the commissioner from testing the validity of same in any court, does not of its own force give right to mandamus, it may be considered as a declaration of intention to preserve to persons aggrieved some appropriate method of review or control under other statutes or the common law, and mandamus by a life insurance agent questioning the right of the commissioner to cancel his license is an appropriate remedy.

ORIGINAL proceedings in mandamus by the State on the relation of Horace R. Coddington, against H. A. Loucks, as Insurance Commissioner of the State, to require revocation of an order canceling relator's license as an insurance agent. Heard on demurrer to the petition.

*David J. Howell,* Atty. Gen. for the demurrer.

The statutes relating to the revocation of an insurance agents' license are 5235-37 C. S.: These Sections were originally enacted as Chap. 101, Laws 1890-91. The power to cancel a license was not contained in the original act, but was added by amendment, Chap. 33, Laws 1897, this Section prescribes a double penalty for violation of Sec. 5235, to-wit: conviction for misdemeanor, or cancellation of the agent's license; convincing evidence was adduced in this case, and the Commissioner had power to cancel the license. The same Company has been before the Supreme Court of Utah on a similar charge. Utah Assn. v. Mtn. States L. I. Co., 200 Pac. 673. The statute is an exercise of police power. 22 Cyc. 1394. Power to revoke is a necessary consequence of power to grant. Doyle v. Cont. Co., 94 U. S. 535; Manchester Co. v. Herriott, 91 Fed. 711, plaintiff's license purports to have been issued under Section 3, Chap. 142, Laws 1921, and if so issued, was unauthorized, (1) Because insurance agents are excepted from its provision, and (2) licenses granted under the section expire on March 31st subsequent to the date of issue. Plaintiff's license should have been issued under 5277 C. S. and made to expire December 31st of each year. The Commissioner had no power to

issue a license for a period of fourteen months; mandamus is not the proper remedy; the insurance Commissioner had discretion to act; judicial discretion cannot be controlled by mandamus 6317 C. S., certain discretion must be given to inferior officers; this has been done in the case of the Insurance Commissioner, and the Court should not interfere in the exercise of that discretion, but may require that he follow the proper procedure and keep within the law governing the conduct of his office.

C. L. Rigdon for Plaintiff.

Relator's license was cancelled without notice or hearing; authority for this is claimed under 5237 C. S.; Sec. 5235 provides two distinct offenses, the first deals with rebates, the second with offers to sell stocks, bonds, etc., as an inducement to insure; it is only in case of rebate that the statute authorizes cancellation of the agent's license without a hearing; there is no provision of law for such cancellation on the ground that stock has been sold or offered as an inducement, or in connection with a policy of life insurance not specified in the policy; the word "rebate" has a settled meaning in law; it means to rebate or deduct from, Webster; State v. Swartzchild, 85 Me. 261; State v. Insurance Co., 38 La. 465; Julian v. Life Ins. Co., 49 So. 324. A Commissioner can cancel a license only for statutory cause. Liverpool Co. v. Clunie, 88 Fed. 160; U. S. v. Daugherty, 27 Fed. 730; U. S. v. Kirby, 7 Wall. 42; Meacham Pub. Off. Paragraph 511; South St. Const. Law, Para. 392; Ins. Co. v. Prewitt, 127 Ky. 399, 105 S. W. 463; Brown v. Commonwealth, 98 Va. 366, 36 S. E. 485; Kloss v. Commonwealth, 103 Va. 864, 49 So. 655; Ry. Co. v. Clarke, 95 Miss. 689, 49 So. 177. The Commissioner acted without notice or hearing; 5237 C. S., is unconstitutional since it denies due process of law. Art. I, Sec. 6-7; Art. XIV, Sec. 1 Const. U. S., Sterritt v. Young, 14 Wyo. 146, 82 Pac. 946; there is no provision for appeal. Simon v. Craft, 182 U. S. 436; Ball v. Rutland Ry. Co., 93 Fed. 517; People v. Kelsey, 113 N. Y.

S. 836; Riley v. Wright, (Ga.) 107 S. E. 857; Mott v. State Brd., (Ga.) 95 S. E. 867; Jewell v. McCann, (Ohio) 116 N. E. 42; People v. Flynn, 96 N. Y. S., 655; Stuart v. Palmer, 74 N. Y. 183, 30 Am. Rep. 289; Smith v. State Brd. 140 Ia. 66, 117 N. W. 1116; U. S. v. McFarland, 28 App. D. C. 552; Mercantile Co. v. Craig, 106 Tenn. 621, 62 S. W. 155; People v. Van Cleave, 55 N. E. 698, 183 Ill. 330; People v. McCoy, 125 Ill. 289, 17 N. W. 786; State v. Schultz (Mont.) 28 Pac. 643; People v. Dept. of Health, 189 N. Y. 187, 82 N. E. 187; People v. Wilson, 166 N. Y. S. 211; Miller v. Johnson, (Kans.) 202 Pac. 619; Killgore v. Zinkham, 274 Fed. 141; Abrams v. Daugherty, (Cal.) 212 Pac. 942; Abrams v. Jones, (Idaho) 207 Pac. 724; Balling v. Board, 79 N. J. L. 197, 74 Atl. 277. The validity of the license cannot be raised on demurrer; the petition alleges the ground of cancellation, and the Commissioner cannot assert a different ground; he is estopped from questioning the legality of the license; the Commissioner is without authority to cancel a license irregularly or illegally issued, but the license is legal; it is good, at least to the date fixed by law. Common Council v. State, 59 Wis. 425, 18 N. W. 324; U. S. v. Walker, 148 Fed. 1022; State v. Taylor, 28 La. Ann. 460; Morrison v. Atkinson, 16 Okla. 571; Ohio Ry. Co. v. McCarthy, 96 U. S. 258; Relator has no plain and adequate remedy, and mandamus is the proper remedy. Lobban v. State, 9 Wyo. 377, 64 Pac. 82.

*David J. Howell*, Atty. Gen. & *Ray E. Lee*, Special Asst. Atty. Gen. in reply.

Plaintiff has no property rights in the subject-matter of the action, 5277 C. S., the license belonged to his company; the company is not made a party; State v. Marston, 6 Kans. 524; Sec. 5237 is constitutional; a license may be revoked without notice or hearing, Wallace v. Reno, 63 L. R. A. 337; Littleton v. Burgess, 14 Wyo. 182. The statute is a police regulation, it should be upheld to effectuate its object. Utah Assn. v. Ins. Co. (Utah.) 200 Pac. 677. The Commissioner

acted in an unadministrative capacity, and no question of process of law is involved. People v. Dept. of Health, 189 N. Y. 187, 82 N. E. 187, 13 L. R. A. (NS) 894. Police power extends to prevention of fraud, Coffman v. Ousterhouse, 40 N. D. 390, 168 N. W. 826, 18 A. L. R. 225. A license may be refused, People v. Grant, 27 N. E. 964, or revoked, Des Moines v. Oil Co., 193 Ia. 1096, 184 N. W. 823, and without notice, Child v. Beemus, (R. I.) 21 Atl. 539; Hartford Co. v. Raymond, (Mich.) 38 N. W. 447; Com. v. Kinsley, 133 Mass. 578.

Plaintiff is estopped from questioning the validity of the statute, Coffman v. Ousterhouse, supra, Lehman v. Board, 94 So. 94; State v. Collins, (Mo.) 125 S. W. 465; State v. Ry. Co., 75 N. H. 327, 74 Atl. 542; Ferguson v. Landram, 5 Bush (Ky.) 230, 96 Am. Dec. 350; Hartford Co. v. Perkins, 125 Fed. 502; Doyle v. Ins. Co., 94 U. S. 535; Gano v. Ry. Co., 114 Ia. 713, 55 L. R. A. 263, Aff'md. 190 U. S. 557; Cram v. Ry. Co., 85 Neb. 586. Mandamus will not compel an officer to perform an illegal act. State ex rel, Schnitger, 16 Wyo. 519; it is not a writ of right, State v. Un. Ex. Co., (Minn.) 104 N. W. 556; State v. Fagan (N. J.) 27 Atl. 1091; Simmons v. David, (R. I.) 25 Atl. 691; Von Akin v. Dunn, 75 N. W. 938.

Kimball, Justice.

This is an original action in mandamus raising the question of the right of the defendant, the state insurance commissioner, to cancel a certificate of authority or license, which we shall call the license, dated January 30, 1923, issued to the relator as agent of the Mountain States Life Insurance Company.

On its face the license in question authorizes the relator to act under it until March 31, 1924.

The petition alleges that the license was cancelled by defendant September 25, 1923 on the pretended ground that relator had sold or offered to sell as an inducement to insurance or in connection therewith the stocks of said com-

pany in violation of section 5235, Wyo. C. S. 1920. The petition alleges further that the relator has ever complied with the laws and regulations in force in the state governing such agents; that the cancellation of the license was made without notice to relator and without any hearing or trial, and without giving him an opportunity to be heard; that it was made irregularly, hastily and arbitrarily, contrary to law and in disregard of the rights of relator; that the defendant was without power or authority under the law to cancel the license, and has denied relator's request that the order of cancellation be revoked.

The attorney general demurs to the petition on the ground that it does not state facts sufficient to constitute a cause of action.

The statute providing for licenses like the one in question is as follows (Sec. 5277 Wyo. C. S. 1920):

"Before transacting any fire, life or other indemnity or insurance business, each and every agent, firm or corporation acting as agent, solicitor or representative of such corporations or associations, shall procure annually from the state auditor a certificate of authority or license as an agent, solicitor or representative of each corporation or association represented by him or them, and which certificate shall terminate or expire on the 31st day of December of each year unless sooner revoked or terminated as otherwise provided, for which a fee of two dollars for each certificate shall be paid to the state auditor. Certificates of authority or license issued under this section shall be considered the license of the company, corporation, association or society applying for the same, and shall not be transferable from the agent, firm or corporation for which the license was originally issued to another agent, firm or corporation."

By later laws the insurance commissioner has succeeded to the duties formerly performed by the state auditor as ex-officio insurance commissioner.

Because the relator's license does not by its terms expire December 31, 1923, as would seem to have been required by this section, but purports to grant authority to do business until March 31 following, it is argued that the license was issued under section 3 of chapter 142 of the laws of 1921, and that it is void for two reasons. First, because that section does not apply to life insurance companies or agents, and, second, because, if issued thereunder, the license expired March 31, 1923. We hold, however, that the license was issued under section 5277, supra, as it is conceded that that is the only statute by which such a license is required or authorized. Granting that the commissioner had no authority to issue it for a term to expire later than December 31 following the date of its issue, the fact that it purports to expire at a later date would not, in our opinion, render it void, but it would be valid at least for the period for which it should have been issued, unless legally revoked.

It is also contended in support of the demurrer that the last sentence of section 5277, providing that the license "shall be considered the license of the company, corporation, association or society applying for the same," makes the license the property of the insurance company, and that the agent has no right therein or thereunder to entitle him to maintain an action of this kind, and, therefore, the action is not prosecuted on the relation of the real party in interest. Although the license be considered the license of the company it cannot be doubted that the agent's right to do business for the company is dependent upon it. Of course, the license has no value to the agent unless he has also authority from the company, and if it were shown that the company no longer recognizes the agency, it would seem that the license would have no value either to the agent or the company, but such a state of facts does not appear from the petition. We think it fair to infer from the petition that the relation of principal and agent between the company and the relator continues, and that all that stands in the way of the agent's right to transact business for the

company is the cancellation complained of. In these circumstances we think the agent has an interest in keeping the license alive and that the petition shows that he is a real party in interest. The demurrer raises no question of nonjoinder of parties.

The attorney-general takes the position that under sections 5235 and 5237, C. S. 1920, the commissioner had the power without notice or hearing to revoke the license on the ground which the petition alleges he gave as the reason for his action. Counsel for plaintiff contends that the statutes do not authorize a revocation of a license for that reason, and that, if they do, they are to that extent void because they fail to provide for a notice and hearing and are therefore contrary to the due process clauses of both the state and federal constitutions and to section 7 of article 1 of the state constitution providing that:

"Absolute, arbitrary power over the life, liberty and property of free men exists nowhere in the republic, not even in the largest majority."

The questions raised by these conflicting contentions we deem it unnecessary to decide in ruling on the demurrer, for, if the attorney-general's view be accepted, we think it does not follow that the petition does not state a cause of action. We are dealing with a business which it is admitted the state has no power to suppress or prohibit, but only to regulate. The relator had some right under the license. Though it may be granted that it was not property, it was nevertheless of value to him and could not be arbitrarily taken from him any more than his real or personal property could be so taken. Dent v. West Virginia, 129 U. S. 114; 9 Sup. Ct. 231, 32 L. ed. 623. Many cases relied upon by counsel for plaintiff seem to hold that such a right can only be taken after a judicial or quasi-judicial investigation upon notice and with an opportunity to be heard. Of these cases we cite only a few. Balling v. Elizabeth, 79 N. J. L. 197; 74 Atl. 277; Abrams v. Jones, 35 Ida. 532, 207 Pac.

724; Abrams vs. Daugherty (Calif. App.) 212 Pac. 942; Riley vs. Wright, 151 Ga. 609, 107 S. E. 857. Other cases hold that a notice and hearing is not always necessary, and that in some instances such licenses may be revoked by executive or administrative action based solely upon information gathered by the authorized board or officers. People vs. Health Department, 169 N. Y. 187; 82 N. E. 187, 13 L. R. A. (NS) 894; People vs. Vandecarr, 175 N. Y. 440, 67 N. E. 913; 108 Am. St. Rep. 781; aff'd. 199 U. S. 522; 26 Sup. Ct. 144, 50 L. ed. 305; Mehles vs. Milwaukee, 156 Wis. 591; 146 N. W. 883; 51 L. R. A. (NS) 1009; Ann. Cas. 1915ec. 1102; Coffman v. Ousterhouse, 40 N. Dak. 390, 168 N. W. 826; 18 A. L. R. 219; Hall vs. Geiger-Jones Co., 242 U. S. 539; 37 Sup. Ct. 217; 61 L. ed. 480 L. R. A. 1917 F, 514, Ann. Cas. 1917c 643; Burgess vs. Mayor and Aldermen, 235 Mass. 95; 126 N. E. 456.

If we ought to accept the principle last stated, and if the cancellation of relator's license can be justified thereunder, it would seem clear under these authorities that the commissioner's action in cancelling the license was administrative, as distinguished from judicial, for the authorities agree that to constitute due process in judical proceedings affecting personal or property rights there must be notice and an opportunity to be heard. And if it is to be held that a license can be thus revoked by an administrative act without notice or hearing or opportunity to be heard, and it should also be held that the commissioner's action may not be questioned by mandamus, we fear the result would be to repose in the commissioner an uncontrolled discretion which would permit unreasonable or arbitrary action. This view finds support in cases relied upon by the attorney general. For instance, People vs. Health Department, supra, cited also by counsel for plaintiff, the court in considering the right of a board of health to revoke a permit to sell milk said at page 194 of 189 N. Y.; 82 N. E. 189.

"The powers of the members of the board of health being administrative merely, they can issue or revoke permits to sell milk in the exercise of their best judgment, *upon or without notice*, based upon such information as they may obtain through their own agencies, and their action is not subject to review either by appeal or by certiorari. (citing cases) If, however, their action is arbitrary, tyrannical and unreasonable, or is based upon false information, the relator may have a remedy through mandamus to right the wrong which he has suffered. If the relator can show that he and those acting under him have not been convicted of violating the statute and the conditions imposed in granting the permits, and that consequently he is a fit and proper person to engage in the sale and distribution of milk among the inhabitants of the city, then he would be entitled to the relief asked for."

By section 6 of chapter 142, laws of 1921, an act to establish an insurance code, it is provided, among other things, that "nothing in this act shall be construed to prevent the company or person affected by any order, ruling, proceeding (,) act, or action of the commissioner * * * from testing the validity of the same in any court of competent jurisdiction, through injunction, appeal, error or other proper process or proceeding, mandatory or otherwise." While, perhaps, this section does not of its own force give the relator the right to mandamus or to any other particular proceeding to test the validity of the commissioner's action, it may well be considered as a board legislative declaration of an intention to preserve to all persons aggrieved by the commissioner's acts some appropriate method of review or control under other statutes or the common law. In the case at bar mandamus is an appropriate, if not the only, remedy.

We think the petition sufficiently alleges that the stated ground for cancelling the license did not in fact exist. The demurrer admits that that allegation is true, and it would

seem to follow that the commissioner's action in cancelling the license was based on false information or was unreasonable and arbitrary. We are of opinion, therefore, that the petition states a cause of action, and the demurrer will be overruled. The order will allow time for further pleadings.

*Demurrer Overruled.*

Potter, Ch. J., and Blume, J., concur.

NOTE—See 32 C. J. p. 999 (1925 Anno), p. 1000; 26 Cyc. 395, 476, (1925 Anno)