## 18535. Rose *et al. v.* Grow.

Hawkins, Justice. 1. In construing the statutes creating the Georgia Board of Chiropractic Examiners and defining its powers (Code, Ann. Supp., Chapter 84-5), and the provisions of Code § 84-510 that "Persons licensed to practice chiropractic under the laws of any other State having requirements equal to those of this Chapter, may in the discretion of the Board be issued a license to practice in this State without examination," this court held in *Moore* v. *Robinson*, 206 *Ga.* 27 (8) (55 S. E. 2d 711), that the board was properly enjoined from admitting by comity applicants for a license to practice chiropractic in this State who did not possess the required educational qualifications of being a graduate of a chartered chiropractic school or college which requires a four-year standard college course of nine months each. Code (Ann. Supp.), § 84-507.

2. The petitioner in this case applied for and obtained from the Georgia Board of Chiropractic Examiners a certificate of license by comity to practice chiropractic in this State, based upon a license issued to him under the laws of the State of Kentucky. His petition shows that, at the time he was licensed there, the laws of the State of Kentucky applicable to him did not have requirements equal to those of this State, in that they did not require educational qualifications of a four-year standard college course of nine months each in a chartered chiropractic school or college, but only required graduation from a chiropractic school or college requiring actual attendance of at least 2,200 sixty-minute daylight resident hours. Hence, the Board of Chiropractic Examiners of this State—being an administrative body created by an act of the legislature, and having only such powers as are expressly or by necessary implication conferred upon it (*Bentley* v. *State Board of Medical Examiners of Georgia*, 152 *Ga.* 836, 111 S. E. 379)—was without authority to grant to him the certificate of license which he now holds. The certificate of license issued to the petitioner, being invalid, conferred upon him no right whatever which he is entitled to protect by injunction. The trial judge, therefore, erred in overruling the defendants' demurrer to the petition as amended, which sought to enjoin the State board from molesting or interfering with the petitioner in the practice of chiropractic in the State of Georgia, and to have canceled and delivered up an order of the board rescinding the unauthorized and invalid certificate of license issued to him.

3. While the statute here under consideration (Code §§ 84-512 and 84-513) and the due-process clauses of both the Federal and State Constitutions require notice to and hearing of one to whom a valid license has been issued before its revocation (*Mott* v. *Georgia State Board of Examiners in Optometry*, 148 *Ga.* 55, 95 S. E. 867; *State Board of Medical Examiners* v. *Lewis*, 149 *Ga.* 716, 102 S. E. 24; *Riley & Co.* v. *Wright*, 151 *Ga.* 609, 107 S. E. 857), and while the holder of a valid license which has been properly issued may enjoin its revocation and the interference with his lawful business thereunder in the absence of notice and a hearing (*Peginis* v. *City of Atlanta*, 132 *Ga.* 302, 63 S. E. 857, 35 L. R. A. (NS) 716; *City Council of Augusta* v. *Sanders*, 164 *Ga.* 235, 138 S. E. 234)—the foregoing authorities have no application to the present case for

the reason that the action of the State board sought to be enjoined was not the revocation of a license which had been lawfully issued, but the rescission or cancellation of a void certificate of license, and neither notice nor hearing is an essential preliminary to such action on the part of the board. State ex rel. Peterson *v.* Martin, 180 Ore. 459 (176 Pac. 2d 636). See also *Laing* v. *Mayor &c. of Americus*, 86 *Ga.* 756 (13 S. E. 107).

4. The trial judge having erred in overruling the defendants' demurrer to the petition, the further proceedings in the case were nugatory.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 12, 1954—DECIDED MAY 10, 1954—
REHEARING DENIED MAY 31, 1954.

*Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General, A. J. Hartley, Deputy Assistant Attorney-General,* for plaintiffs in error.

*Claude Christopher, Christopher & Futral,* contra.