## ISON v. MAYOR & COUNCIL OF GRIFFIN.

1. Inasmuch as a license to sell spirituous liquors is neither a contract nor a property right in the licensee but a mere permit to do what would otherwise be an offense against the general law, it is, when granted by a municipal corporation, subject at all times to the police powers of that corporation, and the latter, in the absence of any charter restriction upon its authority in this respect, may in the exercise of those powers revoke the license at any time.

2. Every person who obtains such a license accepts it under the conditions above expressed, is therefore chargeable with knowledge that it is liable to be revoked, and consequently cannot maintain against the municipality an action for damages occasioned by a revocation, even when the licensee has done no overt or unlawful act which would afford cause for revocation.
    June 18, 1896.  By two Justices.  Argued at the last term.

Action for damages.    Before Judge Beck.    Spalding superior court.    January term, 1895.

*John J. Hunt* and *Thomas R. Mills*, for plaintiff.
*Hammond & Cleveland*, for defendant.

LUMPKIN, Justice.

The Mayor and Council of Griffin granted Ison a license to sell spirituous liquors.   He proceeded to erect a building in which to sell the same; purchased fixtures for use therein; bought a stock of liquors; engaged help, and otherwise incurred expense in preparing to carry on business under his license.   Thereupon, the city authorities summarily revoked the license, and he brought his action against the municipal corporation, alleging he had sustained damages of various kinds, the nature of which will be readily inferred from the foregoing brief statement of the facts.   The case turns upon the question whether or not such an action is maintainable.   We have reached the conclusion that it is not.

In *Brown* v. *State*, 82 *Ga.* 224, this court held that such a license was not a contract by the State, county or city,

with the licensee, but simply a permit to do business under the license, which was revocable at any time. To the same effect, see *Sprayberry* v. *City of Atlanta*, 87 *Ga.* 120, in which it was further ruled that the granting of a license by a municipal corporation to sell liquor was an exercise of police power. The identical question presented by the case at bar was, perhaps, involved in that of *Whaley* v. *Mayor and Council of Columbus*, 89 *Ga.* 781, but not decided for the reason that the plaintiff's declaration did not set forth with sufficient clearness and distinctness the cause of action intended to be stated.

Our view of the nature of a liquor license is strongly supported by numerous and most respectable authorities. "The doctrine is too well established to be longer called in question, that a license of this character, whether revocable in terms or not, is neither a contract nor property in any constitutional sense, but is subject at all times to the police powers of the State government." La Croix *v.* County Commissioners, 50 Conn. 328, citing Board of Excise *v.* Barrie, 34 N. Y. 667, in which Wright, J., observed: "These licenses to sell liquors are not contracts between the State and the persons licensed, giving the latter vested rights, protected on general principles and by the constitution of the United States against any subsequent legislation; nor are they property in any legal or constitutional sense. They have neither the qualities of a contract nor of property, but are merely temporary permits to do what otherwise would be an offense against the general law. They form a portion of the general police system of the State, and are issued in the exercise of its police powers, and are subject to the direction of the State government, which may modify, revoke or continue them as it may deem fit." Black, in his work on Intoxicating Liquors (§189), lays down the same doctrine, and says, "such revocation cannot be pronounced unconstitutional, either as an impairment of contract obligations, or as unlawfully divesting

persons of their property or rights." See, also, §§127 and 128. In the latter section is cited the case of State *ex rel.* Shaw *v.* Baker *et al.*, 32 Mo. App. 98, holding that a liquor license was so far within the protection of the law, and to that extent equivalent to a contract right, that it could not be abrogated without sufficient cause; the author, however, quite correctly adding, "but this is not in accordance with the weight of authority." In Horr and Bemis on Municipal Police Ordinances, §267, the nature and revocability of such licenses is stated in substantially the same terms as above laid down.

When he accepted his license from the corporate authorities of Griffin, Ison was chargeable with knowledge that it was revocable at any time, irrespective of the question whether or not he did any overt or unlawful act which would of itself afford cause for revocation. This being so, he took it subject to the city's right to revoke it at pleasure; and therefore, when it was revoked, no legal wrong was done him. He had no contractual right as against the city, and therefore it cannot be in any sense liable to him as for a breach of contract. He had no property right in this license, and therefore depriving him of it was not a tort. Upon what basis, then, can his action for damages stand? It must not be overlooked that under the general law the sale of liquors without a license is not a lawful business. No one, consequently, has a right to engage in this business without a license, and the possession of one simply gives to its holder a privilege to which he would not otherwise be entitled. How far the doctrine of this case would be applicable with reference to a useful and *per se* perfectly lawful occupation—such, for instance, as the selling of bread—is not now for determination.

There is another view of the matter which may add some strength to the conclusion we have reached, viz: that in granting and revoking liquor licenses, municipal corporations are exercising governmental powers, for an abuse of

which by its officers and agents the town or city cannot be held responsible in damages. In this connection, see *Love* v. *City of Atlanta*, 95 *Ga.* 129, and Vogt *v.* Mayor and Council of Baltimore, 4 Am & Eng. Corp. Cas. 329.

*Judgment affirmed.*