MELTON *et al. v.* MAYOR & ALDERMEN OF MOULTRIE.

1. It is within the power of the duly constituted authorities of any municipality, having by law the power to grant licenses to retail spirituous and intoxicating liquors, to revoke such licenses at any time, without refunding the money paid therefor or any part of the same.
2. The fact that the holders of such revoked licenses had invested money in liquors, or in fixtures needed in the business of retailing the same, would not vary the application of the rule.
3. Those who were, in such municipality, the holders of licenses of this kind can not, after the revocation thereof, lawfully carry on the business of retailing such liquors.

4. Accordingly, though such municipal authorities may not have the power to adopt ordinances absolutely prohibiting the sale of such liquors within the municipality, the holders of the revoked licenses can not maintain an equitable petition to enjoin the enforcement, during the period covered by their licenses as issued, of ordinances of the character above indicated.

Argued December 16, — Decided December 19, 1901.

Petition for injunction. Before Judge Hansell. Colquitt superior court. October 28, 1901.

*W. S. Humphreys* and *W. M. Hammond,* for plaintiffs.
*Pearsall & Shipp* and *H. C. McKenzie,* for defendants.

FISH, J. On October 22, 1901, C. E. Melton, Horkan, Powell & Co., and H. J. Finch brought their petition against the Mayor and Aldermen of the City of Moultrie, in Colquitt county, for injunction. The petition, in substance, alleged that petitioners were engaged in the retail liquor business in the City of Moultrie; that each of them had paid to the proper authorities of the municipality the sum of $500 for a license to do such business, and that a license for such purpose had been regularly issued to each of them, which licenses would respectively expire at given dates during the year 1902; that they had expended large sums of money in purchasing stocks of liquors, in buildings and necessary fixtures, and implements for carrying on such business; that recently an election had been held for Mayor and Aldermen in the City of Moultrie, and the newly elected mayor and aldermen were about to enact ordinances to revoke the licenses for the sale of liquor which had been granted by the municipal authorities to the petitioners, without refunding or offering to refund to the petitioners the money which they had paid for such licenses, to prohibit and make penal the having or keeping for sale of malt, spirituous, or intoxicating liquors within the corporate limits of the city, and also to absolutely prohibit, under a severe penalty, the sale of such liquors within the limits of such city; and that, if such ordinances should be adopted, petitioners would suffer great and irreparable damages. The prayer was, that the mayor and aldermen be restrained from enacting such ordinances, and, if enacted, that they be enjoined from enforcing the same. The material allegations of the petition were not denied in the answer. Upon the hearing it appeared that the newly elected mayor and aldermen of Moultrie had adopted the following ordinances: An ordinance specially revoking the licenses which had been theretofore granted to

the petitioners, respectively, to retail such liquors, such ordinance to take effect from and after October 26, 1901 ; a general ordinance revoking all licenses previously granted by the authorities of the city to any person, firm, or corporation to sell or deal in spirituous, vinous, malt, and intoxicating liquors ; an ordinance providing: " It shall be unlawful for any person or other party to keep or have in his possession within the limits of the City of Moultrie any brandy, whisky, lager beer, or intoxicating drinks or viands for the purpose of selling, bartering, or dealing in same within the corporate limits of the City of Moultrie," and providing a penalty for the violation of the same; and an ordinance: " From and after Oct. 26th, 1901, that no person or persons shall be allowed to sell any spirituous, intoxicating, fermented, or malt liquors in the incorporate limits of the City of Moultrie, either directly or by selling any other commodity and giving away the liquor, nor under any other device or disguise whatever," and providing a penalty for the violation of the same. It also appeared that on December 5, 1898, an election was held in Colquitt county, under the provisions of the general local option law, which resulted in favor of the sale of spirituous, malt, and intoxicating liquors in that county.   An interlocutory injunction was refused; to which judgment the petitioners excepted.

The doctrine is well established that it is within the power of the duly constituted authorities of any municipality, having by law the power to grant licenses to retail spirituous liquors, to revoke such licenses at any time, without refunding the money paid therefor or any part of the same.   Pol. Code, § 15 ; *Ison* v. *Griffin*, 98 *Ga.* 623 ; *Plumb* v. *Christie*, 103 *Ga.* 686.   The fact that the holders of such revoked licenses have invested money in liquors, or in fixtures needed in retailing the same, does not vary the application of the rule.   *Menken* v. *Atlanta*, 78 *Ga.* 678 ; *Ison* v. *Griffin*, supra. Section 12 of the charter of the City of Moultrie (Acts 1895, p. 260) gives the mayor and aldermen thereof "full power and control and authority to regulate the sale of spirituous liquors, vinous, malt, and intoxicating liquors in said city ; to grant license for the sale of the same, or to refuse to grant such license; and to establish dispensaries, and to establish such other and further regulations and restrictions as they may deem just and proper, with reference to the sale of all such liquors ; and to impose penalties upon all persons selling such liquors without a license, or for violating

any of the city ordinances regulating the sale of the same." Section 14 of the charter provides: "That the mayor and aldermen aforesaid shall have power to pass all such ordinances and regulations for the complete government of the city aforesaid as shall be deemed necessary and proper, and for the suppression of disorderly conduct, the protection of life, liberty, and property; the maintenance of the public peace and the protection of the public health, which are not repugnant to the constitution and laws of this State, or of the United States, as they may see proper to do; and to prescribe and enforce penalties for the violation of the same." Under these charter provisions, the mayor and aldermen had authority to pass an ordinance revoking any and all licenses granted for the sale of spirituous, malt, vinous, and intoxicating liquors; and therefore there was no error in refusing to grant an order restraining them from enforcing such an ordinance. The petitioners, after the revocation of their licenses, can not lawfully carry on the business of retailing such liquors within the corporate limits of Moultrie. From the view which we take of the case, it is unnecessary to pass upon the validity of the ordinance prohibiting and making penal the sale of spirituous and intoxicating liquors in the City of Moultrie, or of the ordinance prohibiting and making it penal for any one to keep or have in his possession such liquors, within the limits of the city, for the purpose of selling the same. If the invalidity of both of these ordinances be granted, the petitioners, as holders of revoked licenses, can not maintain an equitable petition to enjoin the enforcement of the same during the period covered by their licenses as issued. This is so because the petitioners, under such conditions, have no right to invoke the aid of a court of equity, even if, with their licenses unrevoked, the same could be appropriately granted. With their licenses lawfully revoked, the petitioners have the same standing as they would have if they had never obtained licenses, and have no legal right to sell intoxicating liquors in the City of Moultrie, and, therefore, are in no position to invoke the aid of the courts to protect them from loss or damage by the enactment and enforcement of such ordinances. The lawful revocation of their licenses destroyed their right to sell such liquors in Moultrie; consequently they came into court asking for the protection of a right which no longer existed.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*