*Wilson & Bennett* and *J. R. Walker,* for defendants.

---

HAZLETON *et al. v.* CITY OF ATLANTA; *et vice versa.*

BECK, J. 1. The plaintiffs filed their equitable petition attacking, on constitutional grounds therein set forth, an ordinance of the City of Atlanta, regulating the operation of vehicles known as "jitney buses," requiring the giving by the person operating such vehicle of an indemnity bond, and imposing upon the operators of those vehicles a license fee, etc. This ordinance is set out in full in the former report of this case. *Hazleton* v. *City of Atlanta,* 144 *Ga.* 775 (87 S. E. 1043). Each section and subdivision of the ordinance was taken up seriatim and attacked on the ground that it was unconstitutional and void. The ordinance was also attacked as being void on the ground that it contravenes the provisions of a legislative act relating to motor vehicles and the regulation and taxation thereof, approved November 30, 1915 (Acts Extraordinary Session 1915, p. 107); and, further, on the ground that the Railroad Commission of the State had taken jurisdiction of the subject-matter of the ordinance and passed regulations upon that subject. The court, after hearing the case, upheld the ordinance in its entirety, except as to the provision requiring the payment of the license fee. The plaintiffs excepted to the denial of an injunction. The City of Atlanta filed a cross-bill of exceptions, assigning error upon the ruling that so much of the ordinance as required the payment of the license fee was invalid. After a careful examination of the record this court is of the opinion that, with the exception of the provision contained in section 16 of the ordinance, hereafter referred to, the court below did not err in its rulings adverse to the contentions of the petitioners. The principal questions in this case were adjudicated adversely to them when this case was here before (*Hazleton* v. *Atlanta,* supra), and, with the exception of the attack on the provision of section 16, there was no merit in the other criticisms of the ordinance. The cases relied upon by this court in the prior decision, and certain other authorities cited below, render a discussion of the question entirely unnecessary. Greene *v.* City of San Antonio (Tex. Civ. App.), 178 S. W. 6; Ex parte Sullivan (Tex. Cr. App.), 178 S. W. 537; City of Memphis *v.* State ex rel. Ryals, 133 Tenn. 83 (179 S. W. 631, L. R. A. 1916B, 1151); Ex parte Dickey, 76 W. Va. 576 (85 S. E. 781, L. R. A. 1915F, 840, and note); Le Blanc *v.* City of New Orleans, 138 La. 243 (70 So. 212); Nolen *v.* Riechman, 225 Fed. 812; Huston *v.* City of Des Moines (Iowa), 156 N. W. 883; Ex parte Bogle (Tex. Cr. App.), 179 S. W. 1193; Auto Transit Co. *v.* City of Fort Worth (Tex. Civ. App.), 182 S. W. 685; Willis *v.* City of Fort Smith, 121 Ark. 606 (182 S. W. 275); Ex parte Cardinal, 170 Cal. 519 (150 Pac. 348, L. R. A. 1915F, 850); Gundling *v.* Chicago,

176 Ill. 340 (52 N. E. 44, 48 L. R. A. 230) ; State ex rel. Case *v.* Howell, 85 Wash. 294 (147 Pac. 1159, Ann. Cas. 1916A, 1231). See also Babbitt on the Law of Motor Vehicles (2d ed.), 812-817.

2. No provision of the ordinance which was upheld by the court below is in contravention of, or rendered void by, the act passed by the General Assembly at the extraordinary session of 1915; for in the 17th section of this act it is provided that ordinances regulating the running or operation of motor vehicles described in the act, which are not in conflict with the provisions thereof, are not affected by the terms of the act.

3. Nothing in the evidence establishes the contention that the Railroad Commission of Georgia had taken exclusive jurisdiction of the subject-matter of this ordinance.

4. In section 16 of the ordinance under consideration it is provided: "If the driver of any car has been convicted, in either the State or the recorder's court, of a violation of any criminal law of the State or city, his right to further operate a car or act as driver thereof ipso facto ceases and determines; and it shall be unlawful for him thereafter to offer as a driver or undertake to act as a driver of any motor bus, unless the chief of police, after investigation of the facts in the particular case, shall certify to the clerk of council that such conviction does not affect the character of the driver." This is attacked upon the ground that it confers upon the police officer named in the section arbitrary power, at his own will and without regard to discretion in the legal sense of the term, to deprive a person of the right to act as driver of a motor bus. The constitutional question made by this attack upon this particular provision of the ordinance is not decided, as petitioners were not in a position to raise the point; since it does not appear from the record that they, or any one of them, come within that class of individuals whose rights of person or property will be infringed or affected by the enforcement of the section of the ordinance now under consideration. *Plumb* v. *Christie,* 103 *Ga.* 686 (30 S. E. 759, 42 L. R. A. 181).

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*

AUGUST 17, 1917.

Petition for injunction. Before Judge Bell. Fulton superior court. May 17, 1916.

*T. B. Felder, Owens Johnson,* and *L. J. Grossman,* for plaintiffs.

*J. L. Mayson, S. D. Hewlett,* and *Colquitt & Conyers,* for defendant.