MALLET, treasurer, *v.* HARPER, administratrix.

BELL, Justice. An act of the General Assembly purported to authorize the City of Jackson (Ga. Laws Ex. Sess. 1926, p. 116) to pave the streets of the city, assess the cost against the abutting property, and issue and sell bonds to defray the expense, and made it the duty of the city treasurer to issue an execution against the abutting property and the owner upon a default in the payment of any installment of an assessment. In a suit by the holder of a bond issued in accordance with the statute, for the writ of mandamus to compel the treasurer to issue executions for assessments in default, the treasurer could not defend against the action on the ground that the statute was invalid because not enacted in conformity to the constitutional provision as to the passage of laws at extraordinary sessions. Since the duty thus imposed upon the officer was merely subordinate and ministerial in character, and the act to be performed was not one that was actually prohibited by the constitution (*Park* v. *Candler,* 113 *Ga.* 647 (7, 8), 39 S. E. 89), and no material personal or property right of the treasurer would be affected by requiring its performance according to the statute, the officer had no interest in defeating the statute, and there-

fore could not attack it as invalid under the constitutional provision as to extraordinary sessions. *Reid* v. *Eatonton,* 80 *Ga.* 755 (6 S'. E. 602); *Plumb* v. *Christie,* 103 *Ga.* 686 (2, 3), 692 (30 S. E. 759, 42 L. R. A. 181); *Eliopolo* v. *Stubbs,* 143 *Ga.* 602 (3), 606 (85 S. E. 853); *Hazleton* v. *Atlanta,* 147 *Ga.* 207 (4) (93 S. E. 202); *Threatt* v. *American Mutual Liability Insurance Co.,* 173 *Ga.* 350 (160 S. E. 379); State ex rel. Atlantic Coast Line R. Co. *v.* State Board of Equalizers, 84 Fla. 592 (94 So. 681, 30 A. L. R. 362, 378); State ex rel. Wiles *v.* Williams, 232 Mo. 56 (133 S. W. 11, 34 L. R. A. (N. S.) 1060); Com. *v.* James, 135 Pa. 480 (19 Atl. 950); Columbus & Greenville Ry. *v.* Miller, 283 U. S. 96, 99-100 (51 Sup. Ct. 392, 75 L. ed. 861); Clark *v.* Kansas City, 176 U. S. 114, 118 (20 Sup. Ct. 284, 44 L. ed. 392). Such being the only defense made by the officer, the court did not err in overruling the demurrer embodying such defense, or in granting a mandamus absolute.

*Judgment affirmed. All the Justices concur.*

No. 11266. MAY 15, 1936.

*W. E. Watkins,* for plaintiff in error.

*Claud Christopher, E. O. Dobbs,* and *Maddox & Futral,* contra.