· McKOWN *v.* CITY OF ATLANTA *et al.*

No. 11676.  MARCH 24, 1937.

*Noah J. Stone,* for plaintiff.

*J. C. Savage, C. S. Winn,* and *Bond Almand,* for defendants.

RUSSELL, Chief Justice.  C. A. McKown was granted by the municipal authorities a permit to sell malt beverages, for the year 1936, at a certain locality in the City of Atlanta, where he operated a café and desired to sell beer in connection therewith. A similar permit was issued to the Howell Park Pharmacy, located within thirty feet of McKown's place. He paid his license fee,

and began the sale of such beverages under the permit. Thereafter, and without any notice or opportunity for a hearing, or charge preferred against him, and without violation by him of any law, ordinance, or regulation concerning the sale of beer, the city, without cause, and by resolution of council, rescinded and revoked the permit previously granted to McKown. McKown filed this suit seeking to enjoin the city and certain of its police officers from interfering with his business and sale of beer, from enforcing said resolution, from revoking his license, and from destroying his stock of beer and wine and his advertising matter. He set up that the action of the city in passing a special ordinance revoking his permit without cause, and in permitting his competitor, the Howell Park Pharmacy, to continue in the sale of such beverages, was unconstitutional, and deprived him of his property without due process of the law, and denied to him the equal protection of the laws, and was arbitrary and discriminatory. The judge dismissed the petition on general demurrer, and McKown excepted.

1. McKown had no property right in the permit granted to him to sell malt beverages in the City of Atlanta. The right to sell malt beverages in a municipality in this State is a mere privilege, and is only legal upon the granting to such person of a permit so to do by the proper municipal authorities, who are given discretionary powers as to the granting or refusing of such permit. Ga. L. 1935, p. 73, sec. 15A. This section of said act has been held constitutional. *Harbin* v. *Holcomb,* 181 *Ga.* 800 (184 S. E. 603). Under the authorities, the council of the City of Atlanta could grant or refuse such permit, within their discretion, and thereafter revoke the same without notice to the holder. *Melton* v. *Moultrie,* 114 *Ga.* 462, 464 (40 S. E. 302), and cit.

2. The business of selling at retail malt beverages in a city of this State, from its nature, admits of strict regulation under the police power, and is different from the business of selling drugs, sodas, etc. *Campbell* v. *Thomasville,* 6 *Ga. App.* 212 (64 S. E. 815).

3. The grant of such permit to sell malt beverages is an exercise of the police power, and is not a contract, but only a permission to enjoy the privilege or favor granted for a specified time, unless it is sooner revoked, and by its revocation the citizen is not

deprived of his property without due process of law. *Sprayberry* v. *Atlanta*, 87 *Ga.* 120 (13 S. E. 197).

4. The due-process and equal-protection clauses of the State and Federal constitutions are not infringed by a revocation of a permit to sell malt beverages. Being a privilege, it can be withheld, and may be given to one and denied to another.

5. The business of selling malt beverages is not such a business as was dealt with in *Peginis* v. *Atlanta*, 132 *Ga.* 302 (63 S. E. 857, 35 L. R. A. (N. S.) 716), *Jones* v. *Atlanta*, 51 *Ga. App.* 218 (179 S. E. 922), and like cases, where the businesses dealt with were inherently legitimate and not subject to strict regulation under the police power, and the right to engage therein was a property right. See *McIntyre* v. *Harrison*, 172 *Ga.* 65, 69 (157 S. E. 499), and cit.

6. The fact that the mayor pro tem. did not preside over the council meeting at the time of the passage of the resolution revoking McKown's permit to sell beer, even though he was present, does not authorize a grant of the relief sought.

7. The resolution revoking McKown's permit was not violative of art. 1, sec. 4, par. 1, of the constitution of this State, which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law. No general law affecting private rights, shall be varied in any particular case, by special legislation, except with the free consent, in writing, of all persons to be affected thereby; and no person under legal disability to contract is capable of such consent." Code, § 2-401.

8. The plaintiff alleges that since the adoption of the law of this State legalizing the sale of wine he has been selling the same at his place of business in Atlanta; that said city has by municipal ordinance required that any person desiring to sell "malt beverages" must apply for and obtain a permit, which if approved and granted, and the license fee paid, will entitle such person to sell such beverages therein, and said city has required a permit for the sale of wine under such ordinance; that plaintiff has complied with such ordinance and has at all times obeyed all laws relative to the sale of wine at his place of business, and has never been charged with violating any State law in the sale of wine; that said

city by the resolution referred to above has revoked plaintiff's permit to sell wine at this location, without making any charges against him and without any reason or cause; and that since the sale of wine has been legalized in this State the retail sale thereof is a legal business, and said city has no authority to arbitrarily cancel and revoke a license to sell the same.

(a) The business of selling wines produced from Georgia fruits has been legalized in this State, and may be conducted in a proper manner, in any county wherein alcoholic beverages may be sold, which would include malt beverages. *McCaffrey* v. *State*, 183 *Ga.* 827 (189 S. E. 825). See Ga. L. 1935, p. 492.

(b) Since the plaintiff alleges compliance with the law in all respects, it is reasonably construed as referring to wines produced from Georgia fruits, referred to hereinafter as domestic wines, and as alleging the operation of his business in a lawful manner, so far as that beverage is concerned.

(c) Therefore, as to the sale of domestic wines in his retail establishment, the City of Atlanta has no right or authority, arbitrarily and without cause, to prohibit the sale thereof by canceling and revoking any permit or license previously granted to the plaintiff. See *Peginis* v. *Atlanta* and *Jones* v. *Atlanta,* supra; *Brown* v. *Thomasville,* 156 *Ga.* 260, 269 (118 S. E. 854).

(d) The ordinance referred to above, providing that those desiring to sell "malt beverages" in said city must obtain a permit from the city authorities, is not applicable (even if it could be made to apply) to the sale of domestic wines; wines not being included within the term malt beverages, but being vinous liquors made from the fermented juices of grapes, berries, etc. *McCaffrey* v. *State,* supra.

9. It is also alleged that the chief of police of the City of Atlanta has notified the plaintiff that unless he removes his entire stock of beer and wine and takes down and removes all signs advertising the sale thereof, the chief of police will destroy the same, and such officer has designated one of the police officers under him to come to plaintiff's place of business and remove said beer and wine and signs; and that unless the city and its officers are restrained and enjoined, they will destroy plaintiff's property and he will suffer irreparable damages. *Held:*

(a) By virtue of the malt-beverage act (Ga. L. 1935, p. 73)

and of the wine act (Ga. L. 1935, p. 492), the possession of malt beverages and of domestic wine, as provided therein, is not unlawful. The plaintiff has a property right in such articles, of which he can not be deprived except according to law. While the City of Atlanta, by virtue of the provisions of section 15A of the malt-beverage act of 1935, may regulate the sale of malt beverages within its territorial limits to the extent of requiring a permit, which it can grant, refuse or revoke, in its discretion, it can not destroy or confiscate whatever beer the plaintiff has on hand at the time it revokes his permit to sell the same; nor can it destroy or confiscate any domestic wines in his possession, upon his refusal to remove the same from his place of business.

(*b*) Likewise, the plaintiff has a property right in all signs, even though they advertise the sale of beer and wine, and the city can not lawfully destroy and confiscate the same; but the city can lawfully prevent the plaintiff from using his signs for the purpose of advertising the sale by him of beer or other malt beverages at his said place of business.

10. Applying the above rulings, the petition states a cause of action in so far as it relates to the sale of domestic wines and seeks to prevent the interference therewith by the city and its officers, and in so far as it relates to and seeks to prevent the action of the city and its officers in attempting to destroy the plaintiff's stock of beer and wine and his signs. Under the familiar rule that if any portion of a petition sets up a cause of action it is improper to sustain a general demurrer, the judge erred in sustaining the general demurrer and dismissing the petition in its entirety.        *Judgment reversed. All the Justices concur.*