### HIGHNOTE *v.* JONES, commissioner.

DUCKWORTH, Justice. The plaintiff filed a petition against the sole commissioner of roads and revenues of Webster County, Georgia, alleging in substance that a permit to sell "beer and wine" at his place of business in said county had been issued to him by the defendant; that he had also received a State license from the State Revenue Department, and had complied with all the provisions of the permit, had not violated any penal law in the conduct of his business, and was operating it in an orderly and decent manner; that the commissioner, without any authority, or evidence as to the petitioner's violation of the law or any regulation regarding the operation of his business, and without opportunity for him to appear and defend, had revoked his license; and that he had stocked his place of business and would lose the fees paid for his licenses, and the money invested in his business would be lost, unless the defendant be enjoined from enforcing his order revoking the license. It was prayed that he be so enjoined. The court sustained the defendant's general demurrer and dismissed the action, and the petitioner excepted. *Held:*

1. The petition does not show whether or not the permit relied upon authorized the sale of domestic wines, a license for which could not be revoked except upon proper cause and a hearing, as provided in section 4 of the act of 1941 (Ga. L. 1941, p. 235, Ga. Code Ann., § 58-806), amending, among other things, section 4 of the act of 1935 (Ga. L. 1935, p. 492); but the petitioner concedes in his brief that "there need not be any trial or notice before the governing powers can revoke a license, but they must have some cause to do so." Accordingly, under the rule that a petition on general demurrer must be construed most strongly against the pleader (*James* v. *Maddox,* 153 *Ga.* 208 (4), 111 S. E. 731; *Bowman* v. *Chapman,* 179 *Ga.* 49, 175 S. E. 241; *Malsby* v. *Simmons Mfg. Co.,* 191 *Ga.* 477, 12 S. E. 2d, 880), the petition must be treated as alleging only a permit to sell malt beverages under the act of 1935 (Ga. L. 1935, p. 73), as amended (Ga. Code Ann., §§ 58-701 et seq.), and foreign wines under the act of 1937 (Ga. L. 1937, p. 851), amending the act of 1935 (Ga. L. 1935, p. 492), supra, which amending

act, as amended, is embodied in Ga. Code Ann., §§ 58-901 et seq. *Mc-Kown* v. *Atlanta*, 184 *Ga.* 221 (190 S. E. 571), construing the petition there as referring to domestic wines as being sold by the petitioner, does not require a different construction of the petition here, since that decision was in a case decided by the trial court in 1936, before the statute authorizing the lawful sale of foreign wines was enacted.

2. The sale of intoxicating liquors, except as to domestic wines under a permit, is purely a privilege and not a right, and a license for such sale may be revoked by the governing authorities issuing the same without cause or opportunity for a hearing. *Ison* v. *Griffin*, 98 *Ga.* 623 (25 S. E. 611); *Plumb* v. *Christie*, 103 *Ga.* 686 (30 S. E. 759, 42 L. R. A. 181); *Melton* v. *Moultrie*, 114 *Ga.* 462, 464 (40 S. E. 302); *Phillips* v. *Head*, 188 *Ga.* 511 (4 S. E. 2d, 240).

3. Since the petition shows no violation of any right of the petitioner, but only a discontinuance of a privilege, no cause of action was set forth, and the court did not err in sustaining the defendant's general demurrer and dismissing the action. *Judgment affirmed. All the Justices concur.*

No. 14905.   JULY 10, 1944.

*M. A. Walker,* for plaintiff.
*Cleveland Rees,* for defendant.