The petitioners sought to enjoin the enforcement of a revocation of their licenses to sell intoxicating liquors, granted to them by the City of Austell after the county in which the city was located had, in pursuance of the act of 1938 (Ga. L. 1937-38, Ex. Sess., p. 103; Code (Ann. Supp.), § 58-1001), voted in favor of taxing and controlling alcoholic beverages and liquors. Disregarding the conclusions of law as dealt with in the opinion, the petition as amended, properly construed, shows only the revocation, under the delegated police powers of the municipality, of licenses which constituted no property right in the licensees but only permits to do that which otherwise would be unlawful and revocable at any time without cause. The revocation was not in violation of the due-process clause of the State and Federal Constitutions or of the provision of the State Constitution that laws of a general nature shall have uniform operation throughout the State. The petition as amended did not set forth a cause of action for the relief sought, and the court did not err in sustaining the general demurrer and dismissing the action.
 No. 15283. OCTOBER 4, 1945. REHEARING DENIED DECEMBER 3, 1945.
 STATEMENT OF FACTS BY DUCKWORTH, JUSTICE.
Charlie Owens, T. N. Compton, and E. E. Stone, brought an equitable action against W. D. Rutherford, L. A. Farmer, H. McLendon, R. W. Perkerson, Obe Johnston, G. L. Strickler, and Hubert Whitfield, constituting the mayor and general council of the City of Austell, Georgia, to enjoin them from enforcing a resolution revoking their "business licenses." The petition alleged substantially the following: Pursuant to the act of 1938 (Ga. L. 1937-38, Ex. Sess., p. 103; Code (Ann. Supp.), §§ 58-1001 et seq.), an election was duly held in Cobb County, in *Page 144 
which a majority of the votes cast were in favor of taxing and controlling alcoholic beverages and liquors and the distribution thereof in said county. The petitioners are, and have been for more than a year next preceding the filing of the petition, citizens and taxpayers of the county, each of them owning and operating a lawful business establishment within the county and being engaged in the business of selling at retail liquors and distilled spirits under and by virtue of licenses issued to them respectively by the State of Georgia, acting through the State Revenue Commissioner, and also by the City of Austell, Georgia. There are no other persons to whom retail liquor licenses have been issued by the city during the calendar year 1945, and thus they operate the only retail liquor stores within the city.
Notwithstanding these facts, a special called meeting of the City Council of Austell was held on May 17, 1945, in which a motion was unanimously passed, purporting to revoke the said licenses, it being stated, as a part of said motion, that the purported revocation would be effective on and after May 17, 1945, and further purporting to allow the petitioners a period of time expiring June 30, 1945, to dispose of their respective stocks of goods and inventories. The said motion also embodied a statement purporting to fix the city-license fee for the remaining six months of the calendar year of 1945 at the sum of $20,000 for businesses engaged within the city selling at retail distilled spirits and alcoholic beverages. A copy of the minutes of the said meeting of the general council, as furnished to the petitioners, was attached to the petition as Exhibit "A" and made a part thereof. This exhibit recites the following: "Call meeting of mayor and council called to order by mayor, with all councilmen present except councilmen Strickler and McClendon. Mayor asked for spokesman to state cause of meeting. Dan Collins as spokesman stated it was for the purpose of getting rid of liquor stores. Motion was made to vote to revoke liquor license, which was carried by unanimous vote. Motion was made and carried to revoke license as of Jan. 1, effective May 17, 1945, and giving dealers until June 30, 1945, inc. to dispose of stock. Motion made and carried to set license for the remainder of 1945 as $20,000. Motion made and carried to zone from Mulberry to Spring St. (including Broad and Mozley) as only place in town for selling *Page 145 
liquor, wine, or beer." The petition further alleged that the ordinance of the City of Austell makes specific provisions for the issuance of licenses for the conducting of businesses, including those of the petitioners, within the city, and also provides the exclusive lawful method for the revocation of such business licenses within the city, section 2 of the said ordinance providing as follows: "The following special tax ordinance shall be adopted annually to become effective on the first of February each year and extending to the last day of January of each year. The amount of taxes to be paid by each of the businesses hereinafter set forth shall be set at the first annual meeting of each year by the mayor and council: Section A. That on and after the first of February, 1930, it shall be unlawful for any person or persons, corporation, or company, to begin or carry on any of the occupations or business hereinafter mentioned in the City of Austell without first applying to the clerk and obtaining from him a license for carrying on said business or occupation for the year 1931. Section B. Be it further enacted by the authority aforesaid that it shall be the duty of the clerk of said City of Austell upon the payment to him of the prescribed fee to issue said license. Provided, however, that a license may be revoked by the mayor for cause any time during the year. . . Section F. Be it further ordained by the authority aforesaid that the mayor of the city shall have the right to revoke any license under this ordinance whenever a person doing business under such license shall violate any law or ordinance of the United States, or of the State of Georgia or of the City of Austell, in pursuance of such business conducted under such license, or when it shall be proven before the mayor that the health, morals, interest, and convenience of the public demand the revocation of such license, or the person, firm, or corporation holding such license was issued, and said mayor shall report his revocation of such license to the next regular meeting of the city council for their ratification or rejection, and should the action of the mayor be sustained by the council, then the said license shall be permanently revoked, otherwise it shall be restored and remain in full force."
The petition alleged that Charlie Owens and T. N. Compton were respectively issued licenses to operate their said business within the City of Austell for the calendar year 1945 in January, *Page 146 
1945, and paid the annual amount fixed by the city for each of said licenses in the amount of $750. The petitioners Charlie Owens and E. E. Stone were issued a joint license by the said city in March, 1945, for the operation of their said business of selling at retail within the said city distilled spirits and alcoholic beverages for the calendar year 1945, and paid to the said city the prescribed fee for the said license, to wit, the sum of $750. The mayor of Austell has never purported or undertaken to revoke the said business licenses heretofore issued to the petitioners as aforesaid, and the described action by the defendants, acting in their official capacity as the general council of the City of Austell is null and void, ultra vires, and totally unauthorized by law. Notwithstanding the fact that such attempted action on the part of the defendants is contrary to law, each of the petitioners has received what purports to be an official notification from the clerk of the City of Austell, Georgia, of such purported revocation of the petitioners' said licenses in the language set forth in the attached notice to the petitioner T. N. Compton, which attached notice is marked Exhibit "B" and made a part of the petition. The exhibit of notice, dated June 5, 1945, reads as follows: "Your retail liquor license has been revoked by the mayor and city council at a special meeting of May 17, 1945. You will be given until June 30, 1945, inc. to dispose of your stock. You will be reimbursed, proration [sic], for your liquor license for the remainder of the year after June 30, 1945."
The petition alleged that the said proposed action on the part of the defendants in contrary to law and constitutes an attempted deprivation of the petitioners' rights and privileges under article 1, section 1, paragraph 3, of the Constitution of Georgia, as well as the fourteenth amendment of the Constitution of the United States, in that such action is an attempted deprivation of the petitioners' lawfully established business and property without due process of law. Such proposed action is purported and attempted local legislation inconsistent with and directly in conflict with the general law of Georgia as expressed in the statute hereinbefore cited and dealing completely with the subject-matter of licensing, controlling the sale and distribution of alcoholic beverages and liquors within the State of Georgia, and is specifically violative of article 1, section 4, paragraph 1, of the Constitution of *Page 147 
Georgia, which declares in part: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." The defendants, acting in their official capacity as representing the City of Austell, Georgia, and pursuant to section 2 of said ordinance, fixed the amount of license fee, at the first annual meeting of the mayor and council in 1945, to be paid for the calendar year 1945 by those persons engaged in the businesses within the City of Austell of selling at retail distilled spirits, at the sum of $750, which the petitioners and each of them have paid. The action of the defendants, comprising the general council of the City of Austell, in raising the amount of such license fee pending the calendar year to the sum of $40,000 per annum for such licenses, and in undertaking to establish a very restricted zone within the said city within which such sales may be made, also pending the calendar year, constitutes a mere pretext and an effort to prohibit in the guise of regulating such sales within the said city, all in contravention of article 1, section 1, paragraph 3, of the Constitution of Georgia, as well as the fourteenth amendment of the Constitution of the United States. The mayor and council of the City of Austell exercised its discretion as aforesaid in the issuance of the said licenses to the petitioners for the calendar year 1945, and the present action complained of is not the result of the exercise of any discretion on the part of the defendants or any of them, but is merely an arbitrary, capricious, and unlawful attempted interference and prohibition of the petitioners' lawful and licensed businesses. The proposed action, comprising the general council of the City of Austell, purporting to revoke the petitioners' said licenses is not in accordance with the terms and provisions of the said ordinance, is plainly ultra vires, and is without the slightest authority or warrant in law. The petitioners have investments in the said businesses in excess of the sum of $25,000, and irreparable damage will result to them and each of them if they are prevented from continuing such businesses, by the defendants, as proposed, either by continuous prosecution for allegedly operating such businesses without licenses or otherwise. The City of Austell, acting by and through the defendants as its lawfully constituted governing body, has no power except that which is expressly granted to it or such as is *Page 148 
incident to an express grant of power. After the issue of such licenses to the petitioners as aforesaid, any revocation thereof must be in accordance with the terms and provisions of the said ordinance. The proposed action of the defendants is without the slightest color of authority and is in no wise in accordance with such ordinance. The petitioners are without an adequate remedy at law, and they and each of them will suffer irreparable loss and injury unless a court of equity intervenes.
The defendants demurred to the petition generally on the grounds that no cause of action is set forth, and that the petition does not set out any matter or thing of equity or equity jurisdiction, and that upon the allegations therein the petitioners are not entitled, jointly or individually, to the equitable relief prayed for. Special demurrers were also interposed. The court sustained all grounds of demurrers and dismissed the action, and the exception here is to that judgment.
The gist of the complaint as brought in the present action is that the mayor and council of the City of Austell, in a county in Georgia which had voted in favor of taxing and controlling alcoholic beverages and liquors therein pursuant to the act of 1938 (Ga. L. 1937-38, Ex. Sess., p. 103; Code (Ann. Supp.), §§ 58-1001 et seq.), after having issued to the petitioners in 1945 licenses to sell at retail alcoholic liquors, arbitrarily and illegally revoked the same, notwithstanding that, under a certain ordinance providing for the taxing and licensing of "occupations and businesses hereinafter mentioned," it was necessary that legal cause be shown for such revocation, and that such action be first taken by the mayor with ratification thereafter by the city council.
The copy of the ordinance set out in the petition fails to list the businesses to be licensed thereunder, and hence it is not shown that the business of selling intoxicating liquors was within the purview of such ordinance. For aught that appears the businesses to be licensed were those that are lawful in their nature, whereas the business of selling intoxicating liquors, in which the petitioners were engaged, is not per se lawful but becomes permissive in this State only where the county in which the liquors are being sold has, under the act of 1938, supra, voted in favor of taxing and controlling alcoholic beverages and liquors and the distribution *Page 149 
thereof, and the person conducting such a business has been granted a permit by the proper authorities. The licensing of such a business is in the exercise of a police power. The petition does not allege that the city was without delegated police powers; and, even if such allegation had been made, it would have to be ignored as against the general demurrer where, as here, the legislative charter granted by the act of 1929 (Ga. L. 1929, p. 862), of which we are bound to take judicial notice, shows to the contrary by section 39 of the act providing that "the mayor and council of the City of Austell shall have the police powers of regulation as authorized by the general laws of the State of Georgia to municipalities." Griffin v. Augusta KnoxvilleRailroad, 72 Ga. 423 (2-d). "Inasmuch as a license to sell spirituous liquors is neither a contract nor a property right in the licensee but a mere permit to do what would otherwise be an offense against the general law, it is, when granted by a municipal corporation, subject at all times to the police powers of that corporation, and the latter, in the absence of any charter restriction upon its authority in this respect, may in the exercise of these powers revoke the license at any time."Ison v. Griffin, 98 Ga. 623 (25 S.E. 611). See alsoPlumb v. Christie, 103 Ga. 686 (30 S.E. 759); Melton v.Moultrie, 114 Ga. 462, 464 (40 S.E. 302); Phillips v.Head, 188 Ga. 511, 515 (4 S.E.2d 240); Highnote v.Jones, 198 Ga. 56 (2) (31 S.E.2d 13). The act of 1938, supra, affirmatively prescribes in section 19, embodied in section 58-1068 of the annotated supplement to the Code that, "Nothing in this act contained shall be construed as giving any person a right to sell spirituous liquors as herein defined, but the manufacture, sale and distribution of spirituous liquors is declared to be a privilege in this State and not a right." It is perfectly clear, therefore, that the act has in no wise enlarged the status of a licensee beyond that of a mere holder of a permit which is revocable at any time without cause, as declared in the decisions above cited. Of course, an exception may be noted in the case of a holder of a license to sell domestic wines, since by section 1 of the act of 1941 (Ga. L. 1941, p. 234; Code (Ann. Supp.) § 58-806), amending, among other things, section 4 of the act of 1935 (Ga. L. 1935, p. 492), such a license is not revocable except upon proper cause and a hearing.
Since the petitioners are engaged in a business which is only *Page 150 
permissive, and not the exercise of a legal right, and is subject to the will of the authorities granting the permit, and under the police powers of the municipality, in the absence of any charter restriction upon its authority in this respect, the license may be revoked at any time without cause, and since the ordinance relied upon does not show that the business of selling intoxicating liquors was embraced therein and that the revocation of a license therefor could not be revoked except for cause, the following allegations of the petition are mere conclusions of law: The ordinance makes specific provisions for the issuance of a license for conducting such a business as each of the petitioners is engaged in and provides the exclusive method for the revocation of such a license. The action of the defendants in purporting to revoke, in their official capacity, the licenses of the petitioners is null and void, ultra vires, and totally unauthorized by law. After the issue of such licenses to the petitioners, any revocation thereof by the city must be in accordance with the terms and provisions of the said ordinance. Being mere conclusions of law, all such allegations are insufficient to state a cause of action against general demurrer.Harper v. Lindsey, 162 Ga. 44 (132 S.E. 639); Forrester
v. Edwards, 192 Ga. 529, 534 (15 S.E.2d 851); Lee v.Atlanta, 197 Ga. 518, 520 (29 S.E.2d 774). Disregarding these conclusions of law, the petition shows merely the revocation, under the police power of the municipality, of licenses to sell intoxicating liquors, which under the authorities above cited does not deprive the petitioners of any legal right or entitle them to the relief sought.
In a number of cases it has been held that the revocation of a license to sell spirituous liquors, when done under the police power of a municipality, does not deprive the licensee of his property without due process of law. Sprayberry v. Atlanta,87 Ga. 120 (2) (13 S.E. 197); Cassidy v. Macon, 133 Ga. 689
(3) (66 S.E. 941). See also McKown v. Atlanta, 184 Ga. 221,223 (3) (190 S.E. 571). Being the exercise of police powers, the revocation here was not, as contended by the plaintiffs in error, violative of article 1, section 4, paragraph 1 of the Constitution of this State (Code, § 2-401), which provides that: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made *Page 151 
by an existing general law." McKown v. Atlanta, supra;McGehee v. State, 114 Ga. 833 (3) (40 S.E. 1004).
Since the revocation here was not an action to revoke for cause, the complaint as to the failure of the general council to exercise discretion shows no violated right of the petitioners for the assigned reason that the action was arbitrary, capricious, and an unlawful interference with their alleged lawful and licensed businesses. Nor can it be said that the revocation amounted to an unauthorized or arbitrary prohibition, in that at the same time the governing officials set a license fee of $20,000 for the remaining six months of the year 1945. It is provided by section 9 (d) of the act of 1938, supra (Code (Ann. Supp.), § 58-1032), that "nothing in this bill shall restrict the maximum amount to be charged or levied by counties or municipalities for licenses issued or granted to . . retailers as defined in this act. It is the purpose and intent of this paragraph to place no maximum limit or maximum amount that can be charged by municipalities or counties, and if any county or municipality now have a charter provision limiting the amount of license that can be charged upon any business, such limitation shall not apply to licenses issued or granted under this act."
What is said above also disposes adversely to the pleader of the complaint that the city, having no power except that expressly granted or incident to an express grant, could not lawfully revoke the licenses except in accordance with the quoted ordinance.
Respecting the complaint that the petitioners have investments in their businesses in excess of $25,000, and are without adequate remedy at law and will suffer irreparable loss and injury unless a court of equity intervene, it was held inMelton v. Moultrie, supra, that the fact that the holders of revoked liquor licenses had invested money in liquors or in fixtures which were needed in the conduct of the business would not vary the application of the rule that, in the exercise of its police power, a municipality might revoke liquor licenses at any time without refunding the money paid therefor or any part of the same. In the opinion it was said: "With their licenses lawfully revoked, the petitioners have the same standing as they would have if they had never obtained licenses, and have no legal right to sell intoxicating liquors in the City of Moultrie, and, therefore, are in no position to invoke the *Page 152 
aid of the courts to protect them from loss or damage by the enactment and enforcement of such ordinances. The lawful revocation of their licenses destroyed their right to sell such liquors in Moultrie; consequently they came into court asking for the protection of a right which no longer existed." Again, whether or not the assessment of a fee of $20,000 for a liquor license for the remaining six months in 1945 be unreasonable or confiscatory is no concern of persons who have no right to engage in selling liquor after the lawful revocation of their licenses. See Hazleton v. Atlanta, 147 Ga. 207 (4) (93 S.E. 202);Mallet v. Harper, 182 Ga. 506 (185 S.E. 798); Griffin v.State, 183 Ga. 775, 777 (190 S.E. 2); Webb v. Atlanta,186 Ga. 430, 444 (198 S.E. 50); Stegall v. Southwest Ga.Housing Authority, 197 Ga. 571, 583 (30 S.E.2d 196).
The petition showing no right in the petitioners to the relief sought, the court did not err in sustaining the general demurrer and dismissing the action, and it is unnecessary to pass upon the sustained special demurrers.
It may be added that the contention of counsel for the plaintiffs in error that they were given no opportunity to amend, and for that reason the judgment should be reversed, is without merit. It is not urged that a request to amend was made and refused, and the record is silent in that respect. In Olds MotorWorks v. Olds Oakland Co., 140 Ga. 400 (1-a) (78 S.E. 902), it was held that "A trial judge may, in an order sustaining a demurrer, provide that the plaintiff have an opportunity to amend his petition so as to meet the grounds of demurrer." But this is not tantamount to holding that the trial judge is required to so provide in his order. We have here an instance where the court properly sustained a general demurrer, and it has been specifically held that in such a case the trial judge is not obliged to permit the plaintiff to amend. Ripley v. Eady,106 Ga. 422 (2) (32 S.E. 343); Lamar Taylor Riley Co. v.Bank, 127 Ga. 448, 452 (56 S.E. 486); Wells v. Butler'sSupply Co., 128 Ga. 37, 39 (57 S.E. 55). It is declared in the Code, § 81-1301, that "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings *Page 153 
to amend by;" but, as pointed out in the Wells case, supra, it is not a "stage of the cause" after the cause has been ended by the signing of the judgment on the demurrer and no time has been allowed therein for amending.
Judgment affirmed. All the Justices concur, except Head, J.,disqualified.