**GRIEB, Plaintiff-Appellee, v. DEPARTMENT OF LIQUOR
CONTROL et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4255.   Decided May 9, 1949.

Cowan & Adams, Mr. Adams of Counsel, Isadore Topper, Co-
lumbus, Amicus curiae, for plaintiff-appellee.

Hon. Herbert S. Duffy, Atty. Genl., John J. Nolan, Asst.
Atty. Genl., Columbus, for defendants-appellants.

**OPINION**

By THE COURT.

This is an appeal on questions of law from the Common

Pleas Court of Franklin County, Ohio, which rendered judgment for the plaintiff in an action for a declaratory judgment.

The case was submitted to the trial court on the pleadings and an agreed statement of facts. Prior to March 1, 1946, plaintiff was the holder of a D-5 permit and operated a cafe in Springfield, Ohio, under said permit. On March 1, 1946, the Board of Liquor Control revoked said D-5 permit. Immediately the Department of Liquor Control entered plaintiff's premises and seized intoxicating liquors having an alcoholic content of 3.2% by weight to 21% by volume and spirituous liquor having a higher alcoholic content, of the approximate value of $5000.00. Said liquor was legally manufactured and was legally acquired by the plaintiff. The Department of Liquor Control proposes to sell and dispose of such liquor as provided in §6064-40 GC. Plaintiff contends that §6064-28 GC, which authorizes a seizure of the liquor on the premises upon revocation or cancellation of a permit, and §6064-40 GC, which provides for the disposition of said liquor without first making compensation to the owner, are unconstitutional in that they authorize the taking and confiscating of private property without due process of law and without compensation in violation of **Sections 16 and 19 of Article I of the Constitutional of Ohio** and the "due process" clause of the Fourteenth Amendment of the Constitution of the United States. The trial court upheld this contention and declared and decreed that the plaintiff was entitled to have said liquor returned to him or to recover the fair value thereof. Appellant contends that said judgment is contrary to law.

We are in accord with the judgment of the trial court. In our judgment the contention of the appellant that the seizure of the liquor and disposition thereof without compensation to the owner was a valid exercise of the police power of the State, cannot be supported. It must be observed that the liquor was legally manufactured and acquired. Under the law legally acquired liquor does not become contraband or a nuisance per se upon the revocation or cancellation of a permit. The plaintiff had a property right in this merchandise at the time it was seized of which he could not be deprived except according to law. 8 O. Jur. 482, Sec. 349; Mc-Kown v. City of Atlanta, 190 S. E. 571, 184 Ga. 221; Murphy v. St. Joseph Transfer Co., 235 S. W. 138 (Mo.); Huston v. Walton, 129 P. 263, 23 Colo. App. 282. See, also, **In re Weisenberg, 147 Oh St 152**, 70 N. E. 2d, 269. The fundamental requirements of due process were not followed and are not

provided for in the sections of the code under consideration. **8 O. Jur. 715.** See, also, Anderson National Bank v. Luckett, 321 U. S. 233, 88 L. Ed. 449, 151 A. L. R. 824; Truax v. Corrigan, 257 U. S. 312, 66 L. Ed. 254; Rowland v. State of Florida, ex rel. Martin, 176 So. 545 (Fla.), 114 A. L. R. 443; People v. Marquis, et al., 291 Ill. 121, 125 N. E. 757, 8 A. L. R. 874. See, also, **Edson, et al. v. Crangle, et al.,** 62 Oh St 49, 56 N. E. 647.

The seizure of the liquor legally acquired in which the plaintiff possessed a property right, and the attempt to dispose of said liquor as provided in §6064-40 GC, was a clear violation of the "due process" clause of the Fourteenth Amendment of the Constitution of the United States. **Sec. 6064-28 GC,** which authorizes the seizure of the liquor and that part of §6064-40 GC, which provides that the liquor so seized shall be distributed to the state welfare institutions is in violation of **Article I, Section 19 of the Constitution of Ohio,** which provides that,

"Where private property shall be taken for public use, a compensation therefor shall first be made in money."

Finding no error in the record prejudicial to the rights of the appellants, the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.