33381. CRUMMEY *v.* THE STATE.

DECIDED MARCH 12, 1951.

*R. L. Carr*, for plaintiff in error.

*R. N. Odum, Solicitor, M. W. Eason*, contra.

GARDNER, J. The Code (Ann. Supp.), § 58-1022 (Ga. L. 1937-38, Ex. Sess., pp. 103-108), relating to the powers and duties of the State Revenue Commissioner, provides in part that he may have authority: "c. To revoke or cancel, *for cause after hearing*, any license issued by him under authority of this Chapter." (Emphasis supplied.) Code (Ann. Supp.), § 58-1028 (Ga. L. 1937-38, Ex. Sess., pp. 103-111) provides as follows: "Nothing in this chapter shall be construed as preventing any municipality or county from adopting all reasonable rules *and regulations as may fall within the police powers of such municipalities or counties* to regulate any business provided for in this Chapter. All municipal and county authorities issuing licenses shall, within their respective jurisdiction, have authority to determine the location of any distillery, wholesale business or retail business licensed by them." (Emphasis supplied.)

It thus appears that the primary right to revoke a license lies with the State Revenue Commissioner, and that he may use this right only for cause and after hearing. The municipality or county authority also has a very broad right to revoke any license issued under its own governing authority, with or without hearing (provided that in its own ordinances or under its own governing authority there is no provision stipulating otherwise); and this power of the county or municipality is, under the act, limited in one respect only—that it must be in exercise of its own police powers. Police power, while very broad, and not easily lending itself to an all-inclusive definition,

is that inherent power which enables a governing authority to prohibit things hurtful to the comfort and welfare of society, to protect persons and property, and to secure the public against some danger, to limit the activities of some individual or group, if necessary, in order that the welfare, health, or prosperity of the body politic may be protected. *Morris* v. *City of Columbus*, 102 *Ga.* 792 (30 S. E. 850).

Nothing herein said is intended to amount to any abridgment of said police powers, and that a city or county government, in the valid exercise thereof, may revoke a liquor license without hearing or notice in this State, has been established. See *Owens* v. *Rutherford*, 200 *Ga.* 143 (36 S. E. 2d, 309), which points out that the sale of liquor is a privilege and not a right.

However, in the instant case, it is not contended that the county revoked the defendant's license in order to protect the welfare, health, or prosperity of that segment of society within its borders. On the contrary, it appears without dispute that the license was revoked because of a breach of a contract between the defendant and the county commissioners. This contract provided that the defendant applied for a retailer's license, and agreed on receipt thereof to pay a stipulated sum of $500 for a license to sell whisky, and to pay $100 for a license to sell beer and wine for the calendar year of 1949, and to pay, further, 5% of the gross purchases of whisky, beer, and wine, as a tax on said commodities, to furnish the board of commissioners with invoices on the first of each month and make payment of the amount due at that time, and upon failure of the license in this respect, it was understood that the board of commissioners were authorized to cancel the license at once, and without notice. The clerk of the county board of commissioners testified that the license was revoked because the defendant failed to pay the 5% on the gross receipts of the beverages sold. If the contract was valid, it would unquestionably be true that the defendant, by express contract, had waived any right he might have had to object to such cancellation without notice.

However, "neither the counties of this State nor their officers can do any act, make any contract, or incur any liability not authorized by some legislative act applicable thereto." *Bowers* .v. *Hanks*, 152 *Ga.* 659 (111 S. E. 38); *Adamson* v. *Leathers*, 60

*Ga. App.* 382 (3 S. E. 2d, 871). A county has no right under legislative authority to engage in the liquor business on its own account, or to accept a share of the profit from any one so engaged. Nor has it any right to levy a tax on sales of liquor. There is no provision of law that the county license tax on retailers of alcoholic beverages may be levied on a percentage basis; but on the contrary, the Code (Ann. Supp.), § 58-1032 (Ga. L. 1937-38, pp. 103-112), expressly provides for an *annual* license to be charged by a municipality or county, and Code (Ann. Supp.), § 58-1038 (Ga. L. 1937-38, pp. 103-113) provides that such license fees shall be payable *in advance*. The method employed by the county in this instance was clearly illegal, and further would open up avenues of abuse for local governing authorities, if employed generally—which might well be construed to be contrary to public policy and entirely without the purview of the legislators as expressed by the act of 1937-38, to regulate and control the sale of alcoholic liquors and beverages.

The county being without authority to enter into a contract with the defendant by which it would receive a percentage of the gross receipts, and further without authority to charge a license fee for selling liquor other than as annual license of not less than $250, payable annually in advance, and having received in advance $500 for a license to sell whisky and $100 for a license to sell beer and wine during the year 1949, the revocation of the license by the county for failure to comply with the contract amounted to nothing more than a revocation because the defendant failed to pay over to the county money which the county had no right to require him to pay. Such revocation was not an exercise of the police powers of the county. Therefore it was illegal, the defendant having had no notice or opportunity to be heard upon the question of revocation. As stated in *Mayor &c. of Savannah* v. *Savannah Distributing Co.*, 202 *Ga.* 559, 570 (43 S. E. 2d, 704): "It cannot correctly be said by any court that a State license under the act now being considered may be revoked without notice or cause by the authority issuing the same. This particular language in the act would render inapplicable to the present case any decision by this court rendered under a law that did not require a hearing be-

fore a revocation of the license." This being so, the action of the board of county commissioners in revoking the defendant's license without a hearing was illegal. The license which he had previously obtained was still in force and effect at the time he sold the whisky referred to in the accusations in this case. The verdict of the jury based on the first count of the accusation, charging the defendant with possessing whisky, beer, and wine for sale without having a license to sell the same, and, on the second count, charging him with selling intoxicating liquors after his license had been revoked by the proper authorities of Tattnall County, was without evidence to support it.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed.* *Townsend, J., concurs.* *MacIntyre, P.J., concurs specially.*

MacINTYRE, P. J., concurring specially. This court is bound by the majority opinion in the case of *Mayor &c. of Savannah* v. *Savannah Distributing Co.,* 202 *Ga.* 559, in which JENKINS, C.J., and BELL and ATKINSON, JJ., dissented. I am, therefore, constrained to concur in the result in the instant case.